[No. 18041.   In Bank. — August 25, 1892.]

THE BOARD OF EDUCATION OF THE CITY OF SACRAMENTO, APPELLANT, *v.* THE BOARD OF TRUSTEES OF THE CITY OF SACRAMENTO, RESPONDENT.

SCHOOL LAW OF SACRAMENTO — ESTIMATE BY BOARD OF EDUCATION — DIS-CRETION OF TRUSTEES — LEVY OF SCHOOL TAX. — The fair and reason-able interpretation to be given to the statute of 1863 in reference to the government of common schools in the city of Sacramento is, that the board of education shall give to the board of trustees a detailed estimate of the amount of money needed in its judgment for certain school pur-poses, and that the board of trustees, upon consideration thereof, shall use its own discretion and judgment in determining the propriety of the proposed expenditure, and the correctness of the estimate, and in levy-ing such tax within the statutory limit as seems to it proper and just, having regard to the interests of the entire municipality as well as of its several parts.

ID. — STATUTORY CONSTRUCTION — DIRECTORY PROVISIONS — PERFORMANCE OF PUBLIC DUTY. — In the construction of statutes relating to the per-formance of a public duty which does not affect any private rights or interests, but concerns the public alone, the language of the statute, although imperative in terms, must be regarded as directory rather than mandatory.

ID. — INTENTION OF LEGISLATURE — HOW GATHERED. — The intention of the legislature is to be gathered from the manifest purpose of the stat-ute itself, and also from a consideration of all of its provisions.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

*W. A. Anderson,* for Appellant.

*E. C. Hart,* and *Clinton L. White,* for Respondent.

HARRISON, J. — The board of education of the city of Sacramento, on the first day of February, 1892, submitted to the board of trustees of that city, in accordance with the act of April 27, 1863 (Stats. 1863, p. 717), a statement of the receipts and expenditures made for school purposes during the preceding year, and also a statement that the probable amount of money that would be required during the current year for school purposes, to be raised by taxation upon city property, was sixty-eight thousand seven hundred dollars, and also stated that it was necessary that a tax of thirty-five cents on the one hundred dollars be levied in accordance with the law for the support of schools.   After receiving the said report and statement, the board of trustees levied a special tax upon the property of the city, of twenty-six cents on the hundred dollars, to meet the expenses of said school purposes.   The petitioners herein allege that the taxable property of the city for the current year amounts to fifteen million three hundred thousand dollars, and no more; that said tax of twenty-six cents is not sufficient to raise the amount so estimated and reported by the board of education; that in order to raise said amount of money, it would require a tax of thirty-five cents upon each hundred dollars of taxable property within the city; and that under the provisions of the several acts of the legislature in reference thereto, it was the duty of the board of trustees to levy a tax of that amount for school purposes.

The act incorporating the city of Sacramento (Stats. 1863, p. 415) provides that the city shall be governed by a board of trustees, consisting of three members, in whom is vested the executive and legislative powers conferred upon the city, and who are authorized to levy taxes for whatever amount of money is to be collected for municipal purposes.   At the same session of the legislature,

another act was passed (Stats. 1863, p. 717), in reference to the government of the common schools of the city, containing the following provisions: —

"Sec. 1. The board of education shall annually, on or before the first day of February, make and report to the board of trustees a statement in detail of the receipts and expenditures for school purposes in the city during the year then last past, and shall at the same time make and furnish a detailed statement of the probable amount of money that will be required during the current year, and the purposes for which it is required, and also an estimate of the amount that will be received by the city from the state and county for school purposes.

"Sec. 2. Upon receiving the estimate of moneys needed, as provided in section 1, the board of trustees shall, at the time of levying other city taxes, levy a direct special school tax, which, after making proper allowance for delinquencies, will produce a sum that will make the amount required by the board of education; provided, however, that in no case shall such special school tax exceed twenty-five cents on the one hundred dollars."

This latter section was amended in 1870 (Stats. 1870, p. 7), by which the limit was placed at thirty-five cents instead of twenty-five cents on the hundred dollars.

The appellants contend that under the provisions of these sections the board of trustees has no discretion in the matter of levying a special tax for school purposes, but is required to levy such a tax, not exceeding thirty-five cents on the hundred dollars, as will raise the amount of money that the board of education shall estimate will be required during the current year.

We are of the opinion, however, that it was not intended by this act to take from the board of trustees the power or right of determining the amount of money that should be raised by taxation for school purposes in any one year, but merely to fix a limit upon such power, and to furnish the board in the exercise thereof with such information as will enable it to act intelligently, and with

a view to the needs of the school department of the city, considered relatively to the other departments. The trustees, having general charge of the welfare of the city, are intrusted with the discretion of determining the amount of money that shall be raised by taxation for the various municipal purposes, and must be deemed to have a better knowledge of the public needs, as well as of the financial condition and prosperity of the inhabitants, than any other department of the city government. As the legislative department of the city government, this board would be deemed to have the exclusive right of determining this question, unless such right has been qualified by the legislature in some express and unequivocal language.

The clause in the second section of the above act, providing that upon receiving the statement from the board of education the trustees " shall, at the time of levying other city taxes, levy a special school tax, which will produce the amount required by the board of education," does not, by reason of the words therein used, necessarily imply that the legislature intended that the board of trustees should accept the statement as conclusive of the amount that should be expended for school purposes, and mandatory upon it to levy a tax sufficient to raise that amount. The general rule in the construction of statutes relating to the performance of a public duty which does not affect any private rights or interests, but concerns the public alone, is, that the language of the statute, although imperative in terms, must be regarded as directory rather than mandatory. The intention of the legislature is to be gathered from the manifest purpose of the statute itself, and also from a consideration of all of its provisions. The provision in the first section of the act aforesaid, that the board of education shall furnish to the board of trustees "a *detailed* statement of the *probable* amount of money that will be required during the current year, and the purposes for which it will be required," was evidently inserted for the purpose of enabling the

board of trustees to intelligently exercise its discretion in determining the amount of tax to be levied, and also to revise the estimate, as well as pass upon the sufficiency of the purposes for which the board of education had reported that the money was needed.   If, as is contended by the appellants, the board of trustees has no function in the matter other than to comply with the requirements of the board of education, there would seem to be no reason why the board of education should furnish it with any details of the amount required by it; but inasmuch as before the trustees levy the tax they are to receive information in detail from the board of education, not only of the requirements of that board, but also of the purposes for which the money is to be expended, it must be assumed that the board of trustees is to make some use of this information in the exercise of the discretion conferred upon it in its general authority for levying taxes.   This conclusion is strengthened also by considering that the board of education is to furnish only a statement of the "probable " amount of money that will be required, and that in the second section of the act it is referred to as an " estimate."   This implies that the amount named in their statement is not a definite sum which the trustees are to raise by taxation, but is rather a recommendation of the amount which in the opinion of the board of education should be appropriated for school purposes.

The fair and reasonable interpretation to be given to the statute is, that the board of education shall give to the board of trustees an estimate in detail of the amount of money which in its judgment will be needed for disbursement in behalf of certain school purposes, and that the board of trustees, upon a consideration thereof, shall exercise its own judgment in determining whether the purposes therein specified are suitable subjects for expenditure, and whether the amount of money named in the statement is correctly estimated, and that thereupon it shall levy such tax as in its judgment, having regard

to the interests of the entire municipality as well as of its several parts, will be proper and just.

The judgment is affirmed.

GAROUTTE, J., DE HAVEN, J., SHARPSTEIN, J., and BEATTY, C. J., concurred.