THE BOARD OF EDUCATION OF THE CITY OF KINGFISHER, OF THE TERRITORY OF OKLAHOMA V. THE MAYOR AND CITY COUNCIL OF THE CITY OF KINGFISHER, OF THE TERRITORY OF OKLAHOMA.

1. SCHOOL TAX—*Approved by City Council, Mandatory*. Section 15, art. 7, ch. 73. general § 5845, of the laws of this territory provides that the board of education of a city of the first class "shall. on or before the fifteenth day of May of each year, levy a tax for the support of the schools of the city of the first class for the fiscal year next ensuing not exceeding, in any one year, fifteen mills on the dollar, on all personal, mixed and real property within the district, which is taxable according to the laws of the Territory of Oklahoma, which levy shall be approved by the city council; and when so approved the clerk of the board shall certify to the county clerk," who shall enter the tax on the tax roll, to be collected as other taxes. This provision requiring the city council to approve the levy of tax made by the school board is mandatory and gives the city council no discretion to determine from any cause that the tax is too high, and to reduce the amount of the levy.

2. MANDAMUS TO REQUIRE APPROVAL OF LEVY—*Defense*. It is no defense to an action in *mandamus* to compel the city council to approve such levy made by the board of education of the city, that the levy is in excess of the needs of the board of education for school purposes; and that the levy is made on the basis of a population largely in excess of the actual population of the city, and which population was fraudulently exaggerated for the purpose of drawing from the territorial treasury an amount of money in excess of what the school district would be entitled to; and that the school board have employed teachers and rented rooms largely in excess of the needs of the population of the school distric.; and that the taxpayers are already so heavily burdened that the levy made by the school board of fifteen mills for school purposes, if enforced, would be oppressive and burdensome upon the people of the city. The legislature has vested the power in the school board to make a tax levy within the limit imposed, and the school board must answer to the taxpayers, or some one injured, and not to the city council for the manner in which it has exercised the authority vested in it.

*Original Proceeding in Mandamus.*

Proceeding in *mandamus* to compel the city council of the city of Kingfisher, a city of the first class, to approve a tax levy made by the board of education of the city of Kingfisher. The action was brought as an original

proceeding in this court in July, 1896, but the return was made, and brief of plaintiff submitted, too late for consideration at the last term of the court. Peremptory writ allowed.

*Cunningham & Sanders*, for petitioner.

*W. W. Noffsinger* and *W. A. McCartney*, contra.

The opinion of the court was delivered by

BIERER, J.: There are only two questions involved in this case.

First: As to whether the city council of a city of the first class is bound to approve a tax levy regularly made by the board of education, and which is within the limitation of the law, on its being presented to the city council; or whether the city council may disapprove such levy because, for any reason, it deems the levy too high.

Second: Whether, if the city council is granted no discretion in the approval of the levy made by the board of education, it is any defense to an action to require the city council to approve such levy, that the levy is in excess of the actual needs of the board of education; and that the levy was made upon a basis of school population much larger than actually exists in the district, and that the school population was fraudulently exaggerated for the purpose of drawing from the territorial treasury an amount in excess of what the school district would be entitled to; and that the school board has employed teachers and rented rooms largely in excess of the actual needs of the school population of the district; and that it failed and neglected, in making the levy, to take into consideration the needs and conditions of the taxpayers of the district; and that by reason of the poor condition

financially of the inhabitants of the district, and the already great burdens of taxation placed upon them, a levy of fifteen mills, the full limit allowed by law, as made by the school board, would be oppressive and burdensome on the people of the district, and wholly unnecessary for the reasonable and proper maintenance of the schools.

These two questions are fairly raised by the pleadings in the case. The petition of the plaintiff alleges that the city of Kingfisher is a city of the first class, under the laws of the Territory of Oklahoma, and that the board of education is duly organized under the law, and that at the time required by law for the year 1896 it made a tax levy of fifteen mills on the dollar for the support of the schools of the city school district for the year next ensuing. The petition gives a statement of the outstanding indebtedness, and all the needs of the board of education, and from this it would appear that after the board had determined to maintain schools of the high grade and character mentioned in the petition that this tax would be necessary. The petition alleges presentation of this levy to the city council, and its refusal to approve it.

The answer states facts sufficient to raise the question presented by the second proposition, and in addition thereto states that the city council offered to approve a levy of ten mills on the dollar, which, it alleges, would be a sufficient levy to carry on proper schools in the city of Kingfisher.

The first question arises under § 15, art. 7, ch. 73, of the laws of this territory, general § 5845, which reads as follows:

"That the board of education shall, on or before the fifteenth day of May of each year, levy a tax for the support of the schools of the city of the first-class for the

fiscal year next ensuing not exceeding, in any one year, fifteen mills on the dollar, on all personal, mixed and real property within the district, which is taxable according to the laws of the Territory of Oklahoma, which levy shall be approved by the city council; and when so approved the clerk of the board shall certify to the county clerk, who is hereby authorized and required to place the same on the tax roll of said county, to be collected by the treasurer of the county, as are other taxes, and paid over by him."

And the contention turns upon the construction to be given the words, "which levy shall be approved by the city council."

Does this language mean that the levy is to be approved by the city council when presented to it, with a showing that the levy was made in due form and within the limitation of law; that is, when it is shown that the board was regularly in session at the time, or substantially the time, required by law; and that it ordered a levy of tax for the support of the schools of the city for the year, and that the levy did not exceed the limitation upon it? Or does this language mean that before this levy can become operative, and require the payment of the tax, it must meet the approval of the city council? A determination of this will settle the first, and principal, question in this case.

This section is a provision of the Kansas law, in force in that state for many years, but it seems never to have been given a construction there. No brief has been filed by counsel for the defendant, and the brief of the plaintiff's counsel contains no case upon any statute similar to this; and by careful search within the limited time at our disposal, we have been able to find no case that appears to have any direct bearing upon the question, because all the cases that we have been able to find are upon

statutes so radically different that they render us no assistance.

The only case cited by counsel for plaintiff that is upon a similar question is that of *People ex rel. School Dist. No. 2 v. County Commissioners*, [Colo.] 19 Pac. 892.

In our effort to find authorities upon the question, we have observed the cases of *Board of Education of City of Sacramento v. Board of Trustees of City of Sacramento*, [Cal.] 30 Pac. 838; and *Board of Education of City of Ogden v. Brown*, [Utah] 42 Pac. 1109. But the statutes upon which those decisions were based are so very different as to deprive these cases of any material aid in the consideration of the statute now in question.

Under the law of this territory, a city and a school district, although they may comprise the same territory, are two distinct and separate entities, and controlled by two separate and distinct corporate bodies, one the board of education of the city, and the other the city council with its mayor, both being elected by the people for terms of equal duration; the school district being organized for the purpose of the education of its inhabitants, and the city for the purpose of looking after its municipal concerns.

The board of education considers and determines, entirely independent of any advice, assistance or control of the city council, all the matters of expenditures for school purposes; and the city council have a like management of these affairs for city purposes, equally as independent of any control by the board of education.

So far as we have observed, the provision in question is the only instance wherein the city council is given any supervision over the school board. What is that supervision? Is it one that vests in the city council a discretion

to determine whether or not the power of taxation vested in the board of education has been wisely exercised; or whether the power of expenditures for which provision is being made have been wisely incurred? The section itself has already placed its limitation upon the power of taxation vested in the school board; and neither this section nor any other part of the statute makes any provision for an examination by the city council into the affairs of the board of education. This board is not required to exhibit to the city council its affairs, nor to show what the needs or necessities of the school are. No statement of the indebtedness of the district, or the money that will be required to meet expenditures, the number of schools or teachers provided for, or the number of inhabitants of school age requiring school privileges, nor any other of the elements that would go to determine the amount of an appropriate tax, is required to accompany the levy of tax which is placed before the city council for its approval. And there is no provision of the statute whereby the city council may determine that a lesser tax than that authorized by the board of education may be sufficient; and the statute contains no terms for the determination of a dispute between the board of education and the city council as to the amount of the necessary tax, should one arise. The language of the provision in question does not indicate an intention on the part of the legislature to vest a discretion in the city council when acting upon the levy. It does not say that the levy made by the board of education shall be operative upon the approval of the city council, or that the city council if they deem the tax necessary shall approve the levy, but the language is peremptory in its terms—"which levy," (that is, the levy made by the board of education) "shall be approved by the city

council." There are no words of discretion contained in this provision.

The first definition given by Anderson in his law dictionary of the word "approve," and which seems to consider the term distinct from any association with the exercise of discretion or of a judicial control, is: "To accept as good or sufficient for the purpose intended." And the definition given by Webster of the term when used in a similar sense, is: "To show to be real or true; to prove; to make proof of; to demonstrate; to prove or show practically."

Now suppose we substitute, for the purpose of determining the meaning of the provision in question, the language of Mr. Anderson, given as a definition of the word "approve," in the place of the term used in the section, and it would read: "Which levy shall be accepted as good or sufficient for the purpose intended by the city council." And reading the following portion of the section in the same light, it would appear: "And when so accepted as good or sufficient for the purpose intended, the clerk of the board shall certify to the county clerk, who is hereby authorized and required to place the same on the tax roll of said county, to be collected by the treasurer of the county, as are other taxes, and paid over by him." This is the sense in which we believe the legislature intended the term "approve" to be used. They meant to require the city council to give the levy, when duly made, its approval, and not to give the city council any power to determine whether or not the action of the board of education was a wise one or the levy within the needs and necessities of the district for school purposes; or whether or not the board of education was carrying the beneficient and ample provision

of the legislature for school purposes to an extent where it was becoming burdensome upon the taxpayers. That question and that power were reposed in the school board and its members were made answerable to those who elected them, and not to the city council. It is not for the city council, any more than it is for the courts, to say whether such heavy taxation is wise or unwise. It is not necessary, either, for us to determine in this connection whether there was any necessity for any such perfunctory approval by the city council of the levy made by the board of education. We might admit that we see no necessity for it, or no place wherein such a formality is of benefit either to the city or the school district; but the legislature has the sole power of determining what machinery shall be exercised in carrying out the provisions of the law authorizing the imposition of taxes. We cannot say that the provision is void because it is unnecessary. Nor can we say that the legislature meant more than appears in the plain meaning of the terms used, because not to give it such meaning would render the section of but little benefit in its operation. The legislature certainly thought that it was important for it to appear on the tax levy that it had been presented, after being made by school board, to the city council, and by it approved, that is, "accepted as good or sufficient for the purpose intended." The legislature couched its requirements of this approval by the city council in terms equally imperative requiring the approval to be made. We therefore conclude that the city council had no discretion in the matter of approving this levy; but when it was shown that the levy was made in language sufficient to make it operative, and was within the statutory provision, it was the plain duty of the council to approve it.

As to the second question, we hold that the answer states no defense. Upon the city council, as we have seen, is imposed the mandatory duty of approving the levy as made by the school·board. It is given no discretion whatever in passing upon the levy. It is vested with no power to cut it down, modify it or wipe it out. It is given no means of determining whether the levy is too large or too small, and is given no authority to inquire into the motives or conduct of the school board in making the levy. If the school board is exceeding the proper exercise of its authority, and is placing unnecessary burdens upon the taxpayers for a fraudulent purpose, or from vicious motives, the person or persons upon whom such a burden is imposed, undoubtedly have redress, but it is not through the action of the city council. We therefore hold that it was the duty of the city council to have approved this levy, and the peremptory writ will therefore be issued.

All the Justices concurring.