BOARD OF EDUCATION OF CITY OF SAGINAW, EAST SIDE, *v.* BOARD OF ESTIMATES OF CITY OF SAGINAW.

SCHOOLS AND SCHOOL DISTRICTS—DISCRETION OF BOARD OF ESTIMATES IN APPROVING SCHOOL BUDGET.
> Under Act No. 166, Pub. Acts 1917, as amended by Act No. 185, Pub. Acts 1923, requiring boards of education operating thereunder in cities having a board of estimates to submit its budget for the ensuing year to said board for its approval, said board has no discretion beyond determining whether said budget is within the tax limit and otherwise legal.[1]

Certiorari to Saginaw; Snow (Ernest A.), and Browne (Clarence M.), JJ.    Submitted December 2, 1924.    (Calendar No. 31,664.)    Decided April 3, 1925.    Rehearing denied December 22, 1925.

Mandamus by the board of education of the city of Saginaw, east side, to compel the board of estimates and council of the city of Saginaw to approve a budget. From an order denying the writ, plaintiff brings certiorari.    Reversed.

---

[1]Municipal Corporations, 28 Cyc. p. 580.

*O'Keefe & O'Keefe,* for appellant.

*Frank A. Picard,* for appellees.

CLARK, J.     Within the city of Saginaw are two school districts.     The city has a board of estimates. The east side district is operating under Act No. 166, Pub. Acts 1917, as amended.     (See Act No. 185, Pub. Acts 1923.)     The statute gives the board of education of the district very broad powers relating to acquiring and disposing of real estate, borrowing money, making contracts, and to general management and control of the affairs of the district, among them (section 23, subd. *o*) :

"To make an estimate annually on a day to be determined by the board of the amount of taxes deemed necessary for the ensuing year for the purpose of expenditure within the power of the board, which estimate shall specify the amounts required for the different objects, and to report the same as the regular school tax levy for such district to the proper assessing officer or officers, who shall apportion the school taxes in the district in the same manner as the other taxes of the city, village or township are apportioned, and the amount so apportioned shall be assessed, levied, collected and returned for each portion of the district in the same manner as the taxes of the city, village or township including such portion of the district: *Provided,* That no greater sum than eighteen mills on the dollar shall be levied in any one year for all purposes within the power of the board; and provided in all school districts hereunder in cities having a board of estimates the amount shall be approved by such board of estimates before levy shall be made."

Plaintiff, board of education of the city of Saginaw, east side, made its estimate for 1924 and submitted it to the board of estimates, which board cut out items, chiefly of teachers' wages and of proposed building, aggregating about $50,000, and approved the remainder of the estimate.     Plaintiff brought

mandamus to compel approval of the entire estimate. The case involves a construction of the last provision of the part of section 23, quoted, relating to approval by the board of estimates.

Plaintiff contends that the board of estimates has no discretion, beyond determining if the estimate is within the tax limit and if it' is otherwise within the law.   Defendant contends in effect that it is for the school board to propose and for defendant to dispose and that it has general discretion in passing upon any and all items of the estimate.   A judgment for defendant is reviewed on certiorari.

If defendant is right, then the legislature must have intended, in effect, to take from the school board and to give to the board of estimates the power to determine, from which no right of review or appeal is given, the length of the school year under the statute, the number and compensation of teachers, the fiscal plans and policies, and the character and quantity of materials, supplies, and equipment for the district, for, if the board of estimates has power to say upon the estimate how much and for what purpose money may be raised, it is, by its absolute power of veto, virtually the master of the affairs of the plaintiff district.   This was not intended.   If it were, we might expect to find a clear legislative expression to that effect.   The statute makes no provision for supplying the board of estimates with facts, data, stātistics, reports, etc., so that an intelligent judgment on the matter might be passed, nor does it require the school board to exhibit its affairs, its needs, its problems to the board of estimates.   It was the intent of the Constitution to separate the school organization from general municipal government and to turn the whole subject over to the legislature, and it long has been a legislative policy, with comparatively few variations, to preserve distinct school

organization. *Attorney General* v. *Thompson,* 168 Mich. 511. So long as the board of education stayed within the tax limit and within the law, as it did, it was answerable to no one, except the electors of the district.

The plaintiff is right. The board of estimates, finding the estimate to be within the tax limit and otherwise legal, must approve it. A case very closely in point, in which this question was fully considered and the board of education sustained, is *Board of Education* v. *City of Kingfisher,* 5 Okla. 82 (48 Pac. 103). See *Board of Education* v. *City of Detroit,* 80 Mich. 548.

Judgment reversed. Probably a writ will not be necessary, but, if required, it may issue to carry the amount deducted into the tax levy for 1925.

McDONALD, C. J., and BIRD, SHARPE, MOORE, and FELLOWS, JJ., concurred. STEERE and WIEST, JJ., concurred in the result.