UNION SCHOOL DISTRICT OF THE CITY OF SAGINAW *v.* COUNCIL OF THE CITY OF SAGINAW.

1. SCHOOLS AND SCHOOL DISTRICTS—SAGINAW CHARTER — BOARD OF ESTIMATES WITHOUT POWER TO CUT SCHOOL BUDGET.

In view of the broad powers conferred upon the board of the Union School District of the City of Saginaw by Act No. 468, Local Acts 1897, under which it is organized, and Act No. 315, Pub. Acts 1921, amending the general school law, which is made applicable to said district, to determine the amount of money to be raised by tax for the necessary school expenses in said district for the current year, the board of estimates of said city is without power to reduce the amount of the school budget, if it is within the tax limit and otherwise legal, not-

withstanding sections 324, 328 of the city charter requiring the submission of the school budget to the board of estimates and authorizing it to disallow any item or items or the gross amount submitted.[1]

2. EVIDENCE—JUDICIAL NOTICE—SCHOOLS AND SCHOOL DISTRICTS. The Supreme Court may take judicial notice of the personnel of boards of education, and say that the fear expressed that there may be an abuse of the broad powers conferred upon them to raise money for school purposes unless the power of boards of estimates to check same is recognized, is unfounded.[2]

3. SCHOOLS AND SCHOOL DISTRICTS—MANDAMUS WILL ISSUE TO COMPEL COUNCIL TO SPREAD ASSESSMENT FOR SCHOOL TAX AS VOTED BY SCHOOL BOARD. Mandamus will issue, if necessary, to compel the council of the city of Saginaw to spread an assessment for the amount submitted for school purposes by the Union School District board of said city, notwithstanding a less amount was returned to said council by the board of estimates of said city.[3]

Certiorari to Saginaw; Browne (Clarence M.), and Snow (Ernest A.), JJ. Submitted June 9, 1925. (Docket No. 65.) Decided December 22, 1925.

Mandamus by the union school district of the city of Saginaw to compel the common council of the city of Saginaw to spread an assessment. From an order denying the writ, plaintiff brings certiorari. Reversed.

*A. Elwood Snow* (*John F. O'Keefe*, of counsel), for appellant.

*Frank A. Picard*, for appellee.

MOORE, J. There are two school districts in the city of Saginaw; one on the east side of the river; the other on the west side of the river. The plaintiff is the union school district comprising the territory

[1]Schools and School Districts, 35 Cyc. p. 1018; [2]Evidence, 23 C. J. § 1888; [3]Schools and School Districts, 35 Cyc. p. 1018.

on the west side of the river, and was organized in 1865 under Act No. 260 of the laws of the State of Michigan of that year.   This act was rewritten in 1897 and adopted by the legislature as Act No. 468, Local Acts 1897, section 10 of which reads:

"Said board shall also have power, and it shall be its duty annually, to determine by vote, which shall be entered in the records of its proceedings, the amount of money necessary to be raised by tax on the property of said district, to defray the expenses of the schools of said district for the current year, including free text books and school supplies, for all grades, including the high school, and the amount necessary to pay the interest and principal of any liquidated debt due within such year, from such district, and to file with the board of estimates, or other proper official, designated in the charter of said city of Saginaw, on or before the first day of May in each year, a statement in writing of the sum so voted; and it shall be the duty of the common council to apportion said sums to be raised among the wards of said city, which are included in said district, according to the valuation of the taxable property in the same, and to cause the same to be assessed on such property in the first general tax thereafter made, which said sums so assessed shall be and remain a lien on the property against which they are assessed until fully paid." * * *

Section 1 of plaintiff's charter provides that said district shall have all the powers and privileges conferred upon school districts by the general laws of this State.

Section 5676, 2 Comp. Laws 1915, as amended by Act No. 315, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5676), reads:

"The district board shall have authority to vote such taxes as may be necessary for the regular running expenses of the school, which shall include school furnishings and all appurtenances, the care of school property, for such alteration as shall be necessary to place the schoolhouse in a safe and sanitary condition,

teachers' wages, water supply, premium upon indemnity bond for the treasurer of the district, transportation of the pupils, record books and blanks, and all apparatus and material which may be necessary in order that the schools may be properly managed and maintained, and for the deficiencies in such funds for the preceding year, if any." * * *

Section 5680, 2 Comp. Laws 1915:

"The district board shall hire and contract." * * *

Section 15 of Act No. 468, Local Acts 1897, reads:

"Said board shall also have full power and authority * * * relative to the appointment of necessary officers and servants in and about said schools, their powers, duties and compensation, including a superintendent of the schools of said district; and said board shall be authorized to purchase, exchange, repair and improve the school apparatus, books, furniture, text books and all other school supplies used in the public schools, including high school;" etc.

In the spring of 1924, the plaintiff adopted its estimate for the ensuing year, and filed the same with the board of estimates of the city of Saginaw. The board of estimates reduced the amount of money, determined by the school board to be necessary to be raised, over $20,000. Thereupon the plaintiff requested the council of the city of Saginaw to assess the full amount of money asked by the plaintiff. The city refused to assess the full amount, but did assess the amount as reduced by the board of estimates. The plaintiff petitioned the circuit court for the county of Saginaw for a writ of mandamus to compel the city council to assess the full amount. The circuit court denied the prayer for the writ of mandamus. By a writ of certiorari the Supreme Court is called upon to review the action of the circuit judges.

The charter of the city of Saginaw creates a board of estimates composed of five members appointed by the city council, no more than three of whom shall

reside in any one taxing district. The defendant justifies its action by calling attention to the provisions of its charter as follows:

"Section 324. The council, after revising, altering and approving the estimate submitted to it by the several commissioners of the several departments as provided by section 327, shall on or before the first Monday in May, transmit the same, through the controller, together with an estimate, of any other taxes approved by it, to be raised for the ensuing year for the approval of the board of estimates as provided in this charter, and all propositions and resolutions for the borrowing of any money on the credit of the city, or issuing any bonds shall also in like manner be submitted to the board of estimates, except as herein otherwise provided. It shall be the duty of the council on or before the third Monday in May of each year, to determine by resolution the amount necessary to be raised by tax for the city purposes within said city for such year, which amount shall not for any purpose, except as in this charter otherwise provided, exceed the amount theretofore approved by the board of estimates, which in turn shall not exceed the rate per cent. as mentioned in the preceding section; and the council shall also at the same time determine and enter upon a record of its proceedings, the proportion on a percentage basis which each of the city funds, except school funds, shall bear to the total of such tax for all city purposes, except school purposes, and when any such city tax is collected as provided in this charter, the same shall be apportioned to the several funds in accordance with such determination as herein above provided, and it shall be the duty of the city clerk to certify the amount to be raised to the assessor, who shall assess the sum so certified and such other taxes as may be required by law upon the taxable property of said city."

"Section 328. Before any money shall be raised, or taxes levied and collected, for the purpose of the several funds mentioned in this charter, or for school purposes in said city, the estimates of the council, the board of education and the union school district, of the amount of moneys required for such fund or purposes,

shall be submitted to said board of estimates for approval, and before any bonds or other evidences of indebtedness shall be issued by the city, said issue shall be approved by said board of estimates, unless they have been authorized by vote of the people, as provided in this charter, the Constitution or general laws of the State. The estimates for the general city taxes shall be acted upon by the council, as provided by this charter, and shall be submitted to the board of estimates on the first Monday in May, at which time the board of education and union school district shall each submit to said board its estimates for school purposes, to be considered by the board and reported by it to the council on or before the third Monday in May. The said board shall carefully consider all estimates required by this charter to be submitted to it, of moneys to be raised as aforesaid, and shall approve or disapprove of the same. It may decrease the amount to be raised, but shall not increase the same. The said board shall have the power and it shall be its duty, after careful consideration of the various estimates referred to, if it shall deem it advisable so to do, to disallow any item, items or parts of items, in the different funds as well as the gross amount thereof, as said board may deem advisable. It shall be unlawful for the council of said city to create any indebtedness or expend any moneys as to items specifically disallowed and disapproved by said board of estimates." * * *

It is the claim of the plaintiff that the charter provisions should be construed in the light of the provisions conferring upon the board of education its powers and duties, and that when so construed the board of estimates may not eliminate items germane to the system of schools as described in the charter of the plaintiff.

It is also its claim that if the legislature intended to go farther than that, its act is unconstitutional as the title of the act gave no hint of its purpose. Other claims also are made which we think it unnecessary to state here.

We have four excellent briefs in which the attorneys

cite a great many authorities.   Some of the cases which deal with the principles involved here are *Attorney General* v. *Thompson,* 168 Mich. 525; *Cote* v. *Village of Highland Park,* 173 Mich. 201; *Board of Education of Traverse City* v. *Straub,* 182 Mich. at p. 671; *MacQueen* v. *Port Huron City Com'n,* 194 Mich. at p. 335; *Attorney General* v. *Detroit Board of Education,* 225 Mich. 237.

A companion case in nearly all respects is the recent case of *Board of Education of Saginaw, East Side,* v. *Board of Estimates of City of Saginaw,* 230 Mich. 495.   The attorney for the defendant seeks to distinguish that case from the instant case, we quote from his brief:

"Defendant desires to impress upon this court that the present matter is not in any material point a repetition of the somewhat similar issues decided by this court in the *Board of Education of the City of Saginaw, East Side,* v. *Board of Estimates and the Council of the City of Saginaw.*

"In the case at bar the defendant is the council alone.   The board of estimates is not made a party. In addition, there is the very material difference in the laws under which the two school boards are working.   The board of education of the city of Saginaw, east side, Michigan, is incorporated under Act No. 166, Pub. Acts 1917, a general law.   The plaintiff in the case at bar is incorporated under Act No. 468, Local Acts 1897, and in order for this court to get a clear understanding of the issues here it is necessary we believe, to have the facts completely in mind. Dates alone play an important part in a clear conception of those facts.

"In the east side case this court determined that the words 'shall be approved' in the general act left no discretion with the board of estimates as to whether it would approve or disapprove the school budget submitted where the amount asked was for lawful purposes within the powers of the school board and within the legal limit.   It is not necessary for this court to pass upon that question in the case at bar as the

words 'shall be approved' are not before the court for interpretation. In this case it will be necessary to pass upon constitutional questions only."

We think the opinion went much farther than to simply construe the words "shall be approved." The board of estimates in that case insisted that because of the provisions in the charter of the city of Saginaw it might reduce any item proposed by the board of education. In that case as in this one the board of estimates reduced wages and school items that in the opinion of the board of education were necessary to the proper functioning of the schools. Some of the language of that case is germane here. We quote:

"If defendant is right, then the legislature must have intended in effect to take from the school board and to give to the board of estimates the power to determine, from which no right of review or appeal. is given, the length of the school year under the statute, the number and compensation of teachers, the fiscal plans and policies, and the character and quantity of materials, supplies, and equipment for the district, for if the board of estimates has power to say upon the estimate how much and for what purpose money may be raised, it is by its absolute power of veto, virtually the master of the affairs of the plaintiff district. This was not intended. If it were, we might expect to find a clear legislative expression to that effect. The statute makes no provision for supplying the board of estimates with facts, data, statistics, reports, etc., so that an intelligent judgment on the matter might be passed, nor does it require the school board to exhibit its affairs, its needs, its problems to the board of estimates."

If the board of estimates may cut the salary of the superintendent of schools $500, as it did in the instant case, it may cut it in halves and prevent the hiring of a competent man because of the inadequacy of the salary. This also applies to the other items which were reduced.

But counsel say, and we again quote from the brief:

"Another objection raised by defendant that the plaintiff takes particular care to ignore is the point that unless there is some checking body over plaintiff's budget such as the board of ·estimates then plaintiff has the right to spend an unlimited amount of money and put into the tax roll an unlimited sum for education. It could, if it desired, raise sufficient sums of money so that every child would have a separate tutor. It could, if it desired, have individual wash rooms and private baths for the children. It could, if it desired, hire a superintendent of the school at a salary of $50,000 a year. There is no limit anywhere to what plaintiff board of education could spend if there were no board of estimates to check and balance and co-ordinate taxes of plaintiff so that they would remain within reason."

We think we may take judicial notice of the personnel of boards of education, and say that what counsel says may be done will not be done. A reply to the argument is found in the few words of Justice CLARK:

"So long as the board of education stayed within the tax limit, and within the law, as it did, it was answerable to no one except the electors of the district."

Judgment is reversed and, if necessary, a writ may issue.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.