UNION SCHOOL DISTRICT OF BAY CITY *v.* BOARD OF
ESTIMATES OF BAY CITY.

SCHOOLS AND SCHOOL DISTRICTS—BAY CITY CHARTER—POWERS OF
BOARD OF ESTIMATES TO REDUCE SCHOOL BUDGET.
Under the charter of the city of Bay City (Act No. 514, Local Acts 1903, amended by Act No. 636, Local Acts 1907), the board of estimates of said city has no discretion

to reduce the budget of the board of education of said city below the sum of one per cent. upon the assessed valuation of the city.[1]

Certiorari to Bay; Dingeman (Harry J.), J., presiding. Submitted April 20, 1926. (Calendar No. 32,492.) Decided June 7, 1926.

Mandamus by the Union School District of Bay City to compel the board of estimates of Bay City and another to approve a budget for school purposes. From an order granting the writ, defendants bring certiorari. Affirmed.

*A. H. McMillan*, for appellants.

*Gilbert W. Hand*, for appellee.

CLARK, J. Defendants bring certiorari to review mandamus. The opinion of the trial judge merits adoption by this court:

"By virtue of Act No. 514, Local Acts 1903, the cities of West Bay City and Bay City were consolidated under the name of Bay City, and the corporate rights, powers and privileges of the city of Bay City were defined. By the same act the school and library systems of the two cities were also consolidated. Section 238 of the act provides that the territory embraced in the city of Bay City shall constitute one school district and shall be a body corporate, by the name and style of the 'Union School District of Bay City,' and 'shall have and possess all the powers and be subject to all the duties and liabilities conferred and imposed by the general laws of the State relating to corporations and relating to primary and union schools and school districts, so far as same may be applicable, except as herein otherwise provided.' * * *

"By section 250 definite authority is conferred upon the plaintiff school district to manage the school system of Bay City, the section reading in part: 'The board of education shall have full power and authority to purchase school sites, improve and ornament the same,

[1]Municipal Corporations, 28 Cyc. p. 580.

to hire or build and furnish schoolhouses, to establish and maintain schools, employ a superintendent, teachers, janitors and such other officers, agents and assistants as in its judgment may be necessary, to provide furniture, fuel, books, apparatus, tools and conveniences necessary or convenient for such schools, to fix the salary and compensation of the superintendent, the teachers and other employees of the district. Said board shall also have full power and authority to make by-laws and ordinances relative  *  *  *  to the length of time schools shall be kept, which shall not be less than nine months in each year;'  *  *  *

"Section 252 provides:   'Said board shall have the power and it shall be its duty annually  *  *  *  to determine  *  *  *  the amount of money necessary to be raised by tax on the property of said district to defray the expenses of the schools of said district for the ensuing year and the amount of money necessary to pay the interest and principal of any debt due in each year for such district, also the amount of money necessary to purchase sites for school buildings, and to build or repair any schoolhouse in said district; and the comptroller of said Bay City shall cause the said amounts of money so voted to be assessed against the taxable property of said city in the first general city tax roll thereafter made, upon which general city taxes shall be assessed; and the comptroller shall have the same power and discharge the same duties, as to the assessment of said school taxes, that can or may be conferred or imposed by law upon him in relation to the general taxes of Bay City.  *  *  *  *  *Provided*, That the amount which may be raised by a tax in any one year for the expense of schools in said district, exclusive of such sum as may be required to pay the principal and interest of the bonded debt of said district, shall not exceed the sum of one per cent. on the assessed valuation of said district according to the last preceding assessment roll of the city.'

"Section 253 makes provision for a specific designation of such taxes in a separate column on the assessment roll and provides for the collection thereof.

"The charter of Bay City (Act No. 514, Local Acts 1903, referred to) was amended in 1907 by Act No. 636 by the addition of sections 165*a*, 165*b*, 165*c* and 165*d*.

"By section 165*a* a board of estimates was created 'in

and for the city of Bay City' and the board was given the right 'to call upon the council or upon any officers or boards of the corporation for any information which it may require, or for further reports for the purpose of estimating any amounts to be raised, or in reference to any other matter pending before such board. And such board or officers shall furnish the same as soon as possible after such request. It shall also have the right to inspect the official books and papers of said officers or boards.'

"Sec. 165*b* provides: 'Before any money shall be raised or taxes levied and collected, for the purpose of the several funds mentioned in the charter of said city, or for school or library purposes in said city, the estimates of the council and the board of education of the amounts of money required for such funds or purposes shall be submitted to said board of estimates for approval. * * * The estimates of the general city taxes shall be acted upon by the council as provided by the charter, and shall be submitted to said board of estimates on the first Thursday in May to be considered by the board and reported by it to the council on or before the third Monday of May. The said board shall carefully consider all estimates required by this act to be submitted to it, of moneys to be raised as aforesaid, and shall approve or disapprove of the same. It may decrease the amount to be raised, but it shall not increase the same.' * *' *

"Sec. 165*c* provides in part: 'After the said board shall have considered the said matters required to be submitted to it, it shall cause a statement of the amounts approved by it to be raised by taxation or issue of bonds, and the fund or purpose for which it is raised, to be made, which statement * * * shall be transmitted to the council, and only so much of such estimates or amounts to be raised by taxation as shall have been approved by said board shall be raised and collected in said city. * * * The council of said city, upon the approval of said estimates, or any part thereof, by said board, may cause to be levied and collected by general taxes the amount thereof so approved, in the manner in this charter provided. * * * *Provided,* The amount approved by said board for school purposes, for interest and sinking fund * * * shall be levied in full.'

"Sec. 165*d* provides: 'All the provisions of this charter shall apply to the estimates for school and library purposes and money and funds to be raised therefor in like manner and with the same force and effect as applied to other funds and estimates therefor to be raised or borrowed for any purpose by said city or any board thereof.'

"In November, 1920, a new charter was adopted by the electors of Bay City under the authority of the home rule act, by which the board of park commissioners and the Bay county bridge commission were abolished, and all of the provisions conferring powers and imposing duties upon the board of estimates of said city were repealed, except so far as related to the board of education and library board of said city.

"On March 10, 1925, the board of education approved a budget for school expenses in a sum $30,156.71 in excess of one per cent. of the assessed valuation of Bay City for 1924. This budget was submitted to the board of estimates, which board reduced the amount for general school purposes, school sites and repairs to schools to a sum $41,423.79 less than the one per cent. on the assessed valuation.

"The amount approved by the board of estimates was certified to the city commission, the legislative body of the city, which by the new charter took the place of the common council, and was levied upon the tax roll for 1925.

"Mandamus is brought to compel the approval of the estimates submitted, claiming the action of the board of estimates to be in excess of its authority and asking that the amount of the reduction by the board of estimates below the one per cent. upon the assessed valuation of the city be ordered spread in 1926.

"The question presented is, Did the board of estimates have the discretion to reduce the budget of the board of education below the sum of one *per centum* upon the assessed valuation of the city, or was it required to approve the estimate of the board of education up to one *per centum* of such assessed valuation.

"Similar situations were presented in the recent cases of *Board of Education of Saginaw* v. *Board of Estimates,* 230 Mich. 495, and *Union School District of Saginaw* v. *Council of Saginaw,* 232 Mich. 639, and

it is my opinion that they control the question here presented.    In the case of *Board of Education* v. *Board of Estimates, supra,* it was said:

" 'If defendant is right, then the legislature must have intended, in effect, to take from the school board and to give to the board of estimates the power to determine, from which no right of review or appeal is given, the length of the school year under the statute, the number and compensation of teachers, the fiscal plans and policies, and the character and quantity of materials, supplies, and equipment for the district, for, if the board of estimates has power to say upon the estimate how much and for what purpose money may be raised, it is, by its absolute power of veto, virtually the master of the affairs of the plaintiff district.    This was not intended.    If it were, we might expect to find a  clear  legislative  expression to that effect.    The statute makes no provision for supplying the board of estimates with facts, data, statistics, reports, etc., so that an intelligent judgment on the matter might be passed, nor does it require the school board to exhibit its affairs, its needs, its problems to the board of estimates.'

"Seeking to differentiate between the cases cited and the one at bar, defendant points to section 165a which gives the board of estimates the right to call upon the council or officers or boards of 'the corporation' for data and information, etc.    This provision appears in the amendment to the charter creating the board of estimates, and must be construed as having reference only to officers and boards of 'the corporation' of Bay City, and not affecting the Union School District, which is a separate and distinct corporation.

"It is also urged that the instant case differs from the cases cited in that there is a general provision (§ 165d) by which the provisions of the charter are made applicable to the estimates for school and library purposes and moneys and funds to be raised therefor in like manner and with the same force and effect as it applies to other funds of the city.    No such provisions in terms is to be found in the cases referred to.    A comparison of the provisions involved in the case of *Union School District of Saginaw* v. *Council of Saginaw, supra,* will disclose, however, that the language used is very similar, and if anything more specific and

much stronger than that in the case at bar. For illustration: After giving the board of estimates power to approve or disapprove the estimates of the various boards including the board of education, it is provided that 'it shall be unlawful for the council of said city to create any indebtedness or expend any moneys as to items specifically disallowed and disapproved by said board of estimates.'

"In the case at bar, there is nothing in the provisions governing the board of education which in any way refers to the board of estimates, while section 10, Act No. 468, Local Acts 1897, creating the Union School District of the City of Saginaw, requires the board of education 'to file with the board of estimates or other proper official designated in the charter of the city of Saginaw * * * a statement in writing of the sums so voted; and it shall be the duty of the common council to apportion said sums to be raised among the wards of said city, which are included in said district, according to the valuations of the taxable property in the same.'

"In the absence of a clear intent upon the part of the legislature to deviate from the settled policy of the State to preserve school matters distinct from general municipal government, any doubt should be resolved against the power of the board of estimates to interfere.

"The writ of mandamus will issue to compel the defendants to approve the estimates submitted by plaintiff up to one *per centum* of the assessed valuation of the city for 1924, and the same will be ordered spread in 1926."

The power of the legislature, under the Constitution, to turn over to officers or agents of a city management or control of the affairs of a school district is discussed by counsel and an interesting question is presented, but, in our view of the case, it need not be considered.

Affirmed. No costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.