[No. 9,392.   Department Two. — March 21, 1884.]

L. W. ELLIOTT, ADMINISTRATOR OF THE ESTATE OF ISAAC L. HENSLEY, DECEASED, PETITIONER, *v.* A. VAN R. PATERSON, JUDGE OF THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, RESPONDENT.

MANDAMUS — DEATH OF A PARTY — ADMINSTIRATOR — SUBSTITUTION. — A judgment rendered against a party to an action after his death is not void on its face. Proceedings must be taken to set aside the judgment before an application for a mandamus can be made by the administrator of the decedent to compel the court to substitute him as a party to the action.

APPLICATION for a mandamus.   The petition avers these facts:   In his lifetime J. L. Hensley brought an action against one Figg.   Hensley died in Oregon during the pendency of the action.   The fact of his death was unknown to the counsel

or the court. The case was tried and a nonsuit granted, and judgment entered against the plaintiff. Subsequently the petitioner, having been appointed administrator of the estate of Hensley, suggested his death, and moved that he be substituted as plaintiff in the action, and that it be set down for trial. The motion was denied. The petitioner seeks by this proceeding to compel the Superior Court to grant the motion.

*Byers & Elliott,* for Petitioner.

*J. B. Hall,* for Respondent.

The COURT.— Application for a writ of mandate.

We are of the opinion that the writ should not issue, so long as the judgment stands; the judgment is not void on its face. The petitioner should procure the judgment to be set aside before making his application for mandamus.

Writ denied.