[Sac. No. 843.    Department Two.—March 10, 1902.]

HARRY BELLMER, Appellant, v. JAMES BLESSINGTON, Constable, etc., et al., Respondents.

ACTION UPON CONSTABLE'S BOND—EXECUTION SALE—NOTICE—VALIDITY OF EXECUTION—UNTENABLE OBJECTION.—An action upon the official bond of a constable to recover the penalty and damages provided in section 693 of the Code of Civil Procedure, for failure to give the notice required by law of a sale under execution, implies and requires for its maintenance a valid execution; and an objection by the plaintiff that the execution was void, because not dated, is *felo de se* as to plaintiff's case.

ID.—NOTICE OF SALE OF PERSONALTY.—A notice of sale of personal property under execution, posted on February 20th, and a sale thereof made, as advertised, on February 25th, shows a sufficient compliance with the statute, as to five days' notice.

APPEAL from a judgment of the Superior Court of Solano County and from an order denying a new trial. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Kierce & Gillogley, John T. Ryan, E. L. Foster, and T. F. Bachelder, for Appellant.

George A. Lamont, and Frank R. Devlin, for Respondents.

TEMPLE, J.—This action is based upon section 693 of the Code of Civil Procedure, and is against a constable and his

sureties, to recover the penalty and damages for selling personal property belonging to the plaintiff under a writ of execution, without giving the notice required by law.

It is contended by plaintiff that the execution was void because not dated, but this point will not be further noticed than to say that the action implies, and for its maintenance requires, a valid execution, and the point is therefore, as to plaintiff's case, *felo de se.*

Five days' notice is required by the statute. The notice was posted on February 20th, and the sale was made, as advertised, on February 25th. If section 12 of the Code of Civil Procedure is applicable to this case, this was five days' notice. That it is applicable was held in *Misch* v. *Mayhew,* 51 Cal. 514. That was an election contest. The code required each party in such contest to give his opponent a written list of the illegal votes he would attempt to prove at least three days before the trial. Defendant served his list on the 7th of December, and the trial commenced on the 10th of the same month. The trial court held that this was not sufficient notice, and excluded the evidence offered. In reversing this ruling this court said: ''The language of section 1116 of the Code of Civil Procedure, which fixes the time when the list of alleged illegal votes shall be served, is equivalent to a requirement that the opposite party shall have three days' notice of the illegal votes which the party serving the list expects to prove at the trial. The case is therefore covered by section 12 of the same code, and a list served on the 7th of December could properly be relied upon and proven in the trial on the 10th of December." Section 12 provides that the time in which any act provided by law is to be done is computed by excluding the first and including the last, etc. It was contended that this rule only determines the time for which notice must be posted, and that the sale could be made only after the full period required for the notice had expired. For instance, the 20th, on which day the notice was posted, should be excluded, and to give five full days' notice after that would require all of the 25th, and the sale could not legally take place until the 26th, for which day the notice should have been given. I think the point squarely determined by the case cited, which was affirmed in *Hagenmeyer* v. *Board of Equalization,* 82 Cal. 214;.

*Landregan* v. *Peppin,* 86 Cal. 126; *Derby* v. *Modesto,* 104 Cal. 522; *Bates* v. *Howard,* 105 Cal. 182.

Of course, where the law fixes the time within which an act is to be done, all of the last day of that period is within the time, and a default for not doing the act could only be taken on the next day. How this rule would apply, or whether it was applicable at all, to the different case, where notice for a definite period was required before an act could be done, was at least doubtful before these decisions.

The rule having been thus established, however, there is no occasion now to depart from it. If the rule of section 12 does not apply to the case it might well be argued that the first day of posting is not excluded in determining the length of the notice.

This point being decided against the plaintiff his action must fail, and the judgment be affirmed without reference to other questions discussed.

Judgment and order are affirmed.

McFarland, J., and Henshaw, J., concurred.