[Civ. No. 473. Second Appellate District.—February 4, 1908.]

## C. SCHEERER & COMPANY, a Corporation, Petitioner, v. GEORGE H. HUTTON, Judge of Superior Court of Los Angeles County, Respondent.

Eᴍɪɴᴇɴᴛ Dᴏᴍᴀɪɴ—Cᴏɴᴅᴇᴍɴᴀᴛɪᴏɴ ᴏꜰ Pʀᴏᴘᴇʀᴛʏ ʙʏ Cɪᴛʏ—Rᴇᴘᴏʀᴛ ᴏꜰ Rᴇꜰᴇʀᴇᴇꜱ—Cᴏᴍᴘᴇɴꜱᴀᴛɪᴏɴ ꜰᴏʀ Lᴇᴀꜱᴇʜᴏʟᴅ—Mᴏᴅɪꜰɪᴄᴀᴛɪᴏɴ ʙʏ Cᴏᴜʀᴛ—Jᴜᴅɢᴍᴇɴᴛ.—In a proceeding by a city to condemn land for public use, where compensation to lessees for a leasehold interest and further compensation to the owner of the fee were included in the report of referees, the superior court had jurisdiction, upon the hearing of exceptions to such report, to modify the report by striking out the compensation for the leasehold interest,

and to confirm the report as modified, so as to award the whole compensation to the owner of the fee by its judgment.

Id.—Remedy by Appeal—Judgment not Changeable on Mandamus.—The statute having provided a speedy and adequate remedy by appeal, through which a party aggrieved may correct any errors in the action of the court or of the referees, where no appeal is taken or motion for a new trial filed, and there is no means of ascertaining the facts on which the judgment was based, this court will not, on application of the claimants of the leasehold interest for a writ of mandate, direct the court to render a different judgment from the one rendered.

Id.—Presumption upon Application for Writ—Support of Judgment by Evidence—Estoppel of Applicants—Errors not Correctible.—This court will assume, upon the application for the writ of mandate, that the judgment of the superior court was warranted by the evidence adduced before the court at the hearing of the exceptions to the report of the referees; and, where the applicants have not availed themselves of the right given them by the statute, they cannot be heard, in a proceeding of this nature, to correct errors, if any there be, in the condemnation proceedings.

APPLICATION for writ of mandate to a Judge of the Superior Court of Los Angeles County. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

C. W. Pendleton, for Petitioner.

Julius Lyons, and Howard Robertson, for Respondent.

ALLEN, P. J.—Petition for a writ of mandate.

It appears from the record that the city of Los Angeles instituted a proceeding for the condemnation of certain property for public use; that the defendants in said action waived a jury; that thereupon the court appointed three disinterested persons referees to ascertain the compensation to be paid to such defendants; that such referees made their report to the court, from which it appears that in a certain tract of land sought to be condemned in the action petitioner had an interest by virtue of a certain lease therein, which leasehold was of the value of $300 and to that amount the lessees were entitled to compensation; that the total compensation proper to be paid to certain other defendants, own-

ers of the fee in the premises affected by such leasehold, was $6,441.85. After the coming in of said report, and within due time, one of the owners of the fee in the tract above mentioned filed his exceptions to the report of the referees upon the ground that the party so filing his exceptions was the owner in his own right of all of the fee, and that the other parties named therein had no interest, and that it was not true that petitioner herein, or any other person, had any interest in the leasehold, or otherwise in the property described, and, further, that the amount of compensation awarded was not just compensation. Notice that such exceptions had been filed was duly given to all of the parties interested, and thereafter the court proceeded, under section 11 of the act of March 24, 1903, to, hear such exceptions, and upon such hearing made its order modifying the report of the referees by striking out the compensation to be paid petitioner herein, and allowing the same to be paid to the owner of the fee, and thereupon entered its interlocutory judgment, setting forth that from the evidence introduced at the hearing of the report and the exceptions thereto the said report should be modified, and adjudged and decreed that the same be modified in certain respects, among which were, that petitioner is not entitled to receive any compensation as the owner and holder of a leasehold interest in the property, or any portion thereof, sought to be condemned, and that the compensation allowed petitioner as the owner and holder of a leasehold interest should be awarded to the owner in fee, and that said owner in fee is entitled to receive said compensation awarded to said petitioner, making an aggregate amount to the owner of the fee of $6,741.85; and further decreeing that petitioner is not entitled to receive any compensation in said action.

Petitioner thereupon files this application for a writ of mandate to compel the superior court to enter a judgment upon the report of said referees in favor of the petitioner for the amount of $300, as by said original report it was entitled to have as such compensation; in support of which application for the writ it is claimed by petitioner: (1) That the court had no jurisdiction to modify the order made in favor of petitioner, because petitioner had made no objections thereto; (2) because the notice of the filing of the exceptions did

not contain a specific statement of the scope and extent of such exceptions; and (3) because the finding of the referees that petitioner was the owner of a leasehold is not modified by the judgment, and that being such owner of the leasehold petitioner was entitled to compensation, of which the court could not deprive it by its order and judgment.

In this proceeding for the condemnation of property for the purposes set forth in the action, a right of appeal is given to any person aggrieved by the order or judgment of the court within thirty days from the entry thereof, and from an order granting or denying a new trial within ten days after the entry thereof. We are of opinion that the notice of the hearing of exceptions was sufficient. Section 11 of the act directs the court, upon the filing of the report of the referees, to appoint a day for hearing and at such hearing any party may appear and file his exceptions. There is nothing in the act requiring specific objections or exceptions to be filed before the day set for the hearing. The court had jurisdiction to modify the report and to confirm it as modified, and, by section 12 of the act, was required, upon such confirmation, to enter the interlocutory judgment. While it is true that the court did not make a finding as to the ownership of the leasehold, nor of its value, the intendments in favor of such judgment, however, lead to the conclusion that the court found as a question of fact, either that the leasehold possessed no value, or that no leasehold interest was held by petitioner in said premises. Whatever may have been the finding of the court in that regard as to the questions of fact, if not warranted by the evidence, it would have been error only. Or, assuming that petitioner was the owner of the leasehold and that it had some value, the legal conclusion of the court that petitioner was entitled to no part of the compensation would have been at most but an error of law; either of which errors could properly be reviewed upon an appeal. The statute gives a speedy and adequate remedy through which parties aggrieved may correct any errors of the court or referees; and no appeal being taken, and no motion for a new trial being filed, this court will not, on an application for this writ, undertake to direct a court to render a judgment different from the one rendered, especially in this case, where there is no means of ascertaining the facts upon which said judgment was based. We must content

ourselves with assuming that the judgment of the court was warranted from the evidence adduced before the court at the hearing of the exceptions, and where parties have not availed themselves of the rights given them by the statute they cannot be heard in a proceeding of this nature to correct errors, if any there be, in the proceedings.

Writ dismissed.

Shaw, J., and Taggart, J., concurred.