[S. F. No. 11237.   In Bank.—July 29, 1924.]

PETALUMA MUNICIPAL WATER DISTRICT (a Public Corporation), Petitioner, v. SUPERIOR COURT IN AND FOR THE COUNTY OF SONOMA et al., Respondents.

[1] MANDAMUS—REVIEW OF ERRORS—APPEAL.—The writ of *mandamus* will not issue solely to serve the purpose of a writ of review in order to pass upon claimed errors which are properly reviewable by means of an appeal.

---

1.  See 16 Cal. Jur. 765; 18 R. C. L. 114.

(1) 26 Cyc., p. 173.

APPLICATION for a Writ of Mandate to require the Superior Court to proceed with the hearing of an action. Writ denied.

The facts are stated in the opinion of the court.

George H. Harlan for Petitioner.

No appearance for Respondents.

THE COURT.—Application for a writ of mandate. It is alleged in the petition that petitioner herein, a pub-

lic agency, commenced proceedings in eminent domain in the respondent court to procure by condemnation for public use a right of entry and occupation of certain lands, together with the right to take therefrom such earth, gravel, stones, or other materials which might be necessary for the public use and for the determination of the character of the foundations of a dam proposed to be erected thereon for the conservation of water; that the defendant in said action demurred to the complaint on the ground that said court had no jurisdiction over the subject matter of said action; that the respondent court sustained said demurrer with leave to amend; that said demurrer was sustained because of the erroneous belief on the part of the respondent judge that this court had decided in *Jacobsen* v. *Superior Court*, 192 Cal. 319 [29 A. L. R. 1399, 219 Pac. 986], that the right of entry, occupation, and taking of materials from land which is sought to be condemned in and by the pending proceeding is not subject to condemnation under the laws of California. That case does not so hold, but we will not pause here to consider and determine whether or not the respondent court erred in sustaining the demurrer. This petition is for a writ of mandate directing the respondent court to proceed with the hearing and determination of said action in eminent domain. It having jurisdiction of the pending proceeding has not refused to exercise the same, but has ruled, either correctly or erroneously, in the exercise of its jurisdiction. **[1]** The writ of mandate will not issue solely to serve the purpose of a writ of review in order to pass upon claimed errors which are properly reviewable by means of an appeal.

The application is denied.