[S. F. No. 13903. In Bank.—April 18, 1930.]

THEODORE PAPPADATOS, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Charles A. Christin, Knight, Boland & Christin and Whalen, Harzfeld & O'Brien for Petitioner.

No appearance for Respondents.

THE COURT.—The petition for alternative writ of prohibition is denied.

In a certain action brought by petitioner for injunctive relief, a final decree was rendered in his favor and duly entered on January 25, 1930, on which day also notice of entry of judgment was served upon defendants therein. On March 26, 1930, after due proceedings, defendants'

motion for new trial was argued before a judge other than the trial judge, was submitted, and an order entered granting a new trial. Petitioner thereupon moved to set aside said order upon the ground that it was in excess of the jurisdiction of the court because the proceedings were in violation of jurisdictional provisions of section 661 of the Code of Civil Procedure, to the effect that motion for new trial "shall be heard and determined," except in case of his inability, by the trial judge and "shall be submitted" not later than ten days before the expiration of the time within which the court has power to pass upon it. Such time, under section 660 of said code, expires sixty days after service on the moving party of written notice of entry of judgment; therefore, petitioner claims, the motion for new trial here was submitted about seven days too late. The court, however, denied petitioner's motion to set aside the order granting a new trial and the cause, after due proceedings, was reset for trial April 17, 1930. Petitioner thereupon filed his petition herein praying that this court issue an alternative writ of prohibition to restrain the taking of any further steps in connection with said order granting a new trial for the reasons aforesaid.

In denying it, we recognize that as a general rule, where specified in the code with respect to motions for new trial, time is usually jurisdictional, but, in our opinion, the provisions here in question are directory, intended only to direct a wise procedure for the disposition of such motions. The word "shall" as employed therein has, in the interpretation of statutes, often been held merely directory (*Board of Education* v. *Board of Trustees*, 96 Cal. 42 [30 Pac. 838]; *Board of Education* v. *Board of Trustees*, 129 Cal. 599 [62 Pac. 173]; *In re Chadbourne*, 15 Cal. App. 363, 369 [114 Pac. 1012]; *People* v. *High School Dist.*, 62 Cal. App. 67, 73 [216 Pac. 959]). For noncompliance with said provisions no penalty is prescribed and the clause therein as to time does not purport to curtail but confirms the sixty-day period specified in section 660. ■ Inasmuch, therefore, as section 661 contains no penalty for the omission of this procedure and the motion was submitted and passed upon within said sixty-day period provided by law, we hold that the court below acted within its jurisdictional limits. In further support of such ruling, attention is di-

rected to the reasoning employed and doctrine announced in *City of Los Angeles* v. *Hannon,* 79 Cal. App. 669 [251 Pac. 247], and cases therein cited, construing as directory only section 632 of the Code of Civil Procedure relating to the time within which decisions of trial courts should be made on questions of fact submitted to them.