[L. A. No. 13227. In Bank.—January 23, 1932.]

H. A. PAYNE, Petitioner, v. D. F. HUNT, County Clerk, etc., Respondent.

Hill, Morgan & Bledsoe, Vincent Morgan and Stanley S. Burrill for Petitioner.

Heaney, Price & Postel, Atwell Westwick and George L. Greer for Respondent.

THE COURT.—This is a petition for a writ of mandate. Petitioner brought an action in the Superior Court of the County of Santa Barbara against Santa Barbara Cottage Hospital for damages for personal injuries. After trial and verdict, judgment was entered in his favor on April 6, 1931. Defendant gave notice of intention to move for a new trial, which notice was filed on April 8, 1931. The motion was argued and submitted to the court, Honorable Pat R. Parker of the Superior Court of Mono County, sitting in the county of Santa Barbara by assignment of the chairman of the Judicial Council. After the argument said judge returned to Mono County. At 2:45 P. M. on June 8, 1931, he sent a telegram to the county clerk of Santa Barbara in the form of a signed order vacating the judgment and granting a new trial. The wire was received at 6 P. M. of that day and filed in the records of the case the next morning, June 9, 1931. A duplicate of said wire was also sent on June 8th and filed on June 9th. A written order in the same form was made and signed by said judge on June 8, 1931, and

mailed to the clerk, who received and filed it on June 11, 1931.

Petitioner contended that under the provisions of the Code of Civil Procedure, section 660, the order was too late, and on August 19, 1931, sought a writ of execution on the ground that the judgment had become final. Upon the refusal of respondent clerk to issue the writ, he made this application for a writ of mandate to compel its issuance.

Section 660 of said code provides in part as follows: ''The power of the court to pass on motion for a new trial shall expire sixty (60) days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then sixty (60) days after filing of the notice of intention to move for a new trial. If such motion is not determined within said sixty (60) days, the effect shall be a denial of the motion without further order of the court.''

In the instant case, no notice of entry of judgment was served. The sixty-day period must therefore be counted from April 8, 1931, the date of filing of the notice of intention to move for a new trial. Excluding that day, the sixtieth day thereafter fell on June 7, 1931, a Sunday. Judge Parker's order was made on Monday, June 8th, the sixty-first day, and was filed in the records of the case on Tuesday, June 9th, the sixty-second day. The ordinary rule for computing the time in which an act required by law must be performed is to *exclude* the first day and *include* the last day, unless the last day falls upon a holiday, in which case the last day is also excluded. (Code Civ. Proc., sec. 12; Civ. Code, sec. 10; Pol. Code, sec. 12.) However, it has been repeatedly declared by the courts of this state that the provisions of the statute governing new trials constitute an exception to the general rule, and that the power of the court to pass upon a motion for new trial, if not exercised within the specified statutory period, is lost even though the last day be a holiday. (*Holquin* v. *Allison,* 97 Cal. App. 126 [274 Pac. 1037]; *Lauritzen* v. *H. L. Judell & Co.,* 109 Cal. App. 168 [292 Pac. 536]; see *People* v. *Malone,* 213 Cal. 406 [2 Pac. (2d) 332].) In some of the cases which have expressed this view the point was not essential to the decision of the cause, but the doctrine is, we

think, too well established to be open to further examination. Although section 660 was amended in 1929, and certain minor changes in phrasing were made, nothing in the amendment suggests any legislative intention to abrogate the rule of these prior decisions.

It appears, therefore, that the order granting a new trial was made after the court had lost the power to do so, and that the judgment is now final. Petitioner is entitled to levy execution in pursuance thereof, and the refusal of respondent clerk to issue the writ is without legal justification.

It is therefore ordered that a writ of mandate issue directing said respondent to issue a writ of execution as prayed, against the property of said defendant, Santa Barbara Cottage Hospital.