[Civ. No. 8563. First Appellate District, Division Two.—June 24, 1932.]

R. Y. HANLON et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Aitken & Aitken for Petitioners.

A. W. Carlson, Charles R. Collins and Tobin & Tobin for Respondents.

SPENCE, J.—Petitioners seek a peremptory writ of mandate to compel the respondent court and the respondent receiver appointed by said court to forthwith pay over to petitioners the balance of the sums collected by said receiver as rents from certain real property.

The controversy arises out of the conflicting claims of the parties to the real property involved. Respondent Western Loan & Building Company was the purchaser of said property upon a foreclosure sale under a deed of trust. Said purchaser thereafter commenced an unlawful detainer action to obtain possession and the receiver was appointed in that action. Shortly prior to the commencement of the unlawful detainer action, and without the knowledge of the plaintiff therein, the petitioners R. Y. Hanlon and Martha Hanlon, his wife, had filed an action seeking to quiet title to the property and to enjoin the purchaser from asserting any claim thereto. Petitioners thereafter made a motion in the unlawful detainer action for the discharge of the receiver appointed therein, and before the hearing of said motion the purchaser filed a cross-complaint in the quiet title action seeking to quiet title against petitioners and applied for the appointment of a receiver in said quiet title action. Upon the hearing of the motion to discharge the receiver in the unlawful detainer action the purchaser advised the court that in the event that a receiver was appointed in the quiet title action it would voluntarily dismiss the unlawful detainer action, thereby disposing of the motion pending before the court. The court appointed a receiver in the quiet title action, the unlawful detainer action was voluntarily dismissed by the purchaser and the court granted the motion to discharge the receiver in the unlawful detainer action ''subject to settlement of accounts'', stating in its order ''said motion being granted not on the merits but predicated upon the dismissal of this action by plaintiff''. Thereafter the court made its order settling the accounts of the receiver in the unlawful detainer action, said order reciting that the balance of funds in the hands of the receiver was $530.20. The order further recited the pendency of the quiet title action and the existence of a controversy over the ownership of the funds in the hands of said receiver and provided that said funds should be held by the receiver pending further order of the court. At

the time of the hearing of the settlement of said accounts the court also had before it a motion by petitioners for an order directing the receiver to pay over to them the balance of the fund in his hands. This latter motion was denied and petitioners now seek by *mandamus* to compel the payment of said money to them.

In our opinion the petitioners are not entitled to the relief asked. ▪ The order of the trial court denying petitioners' motion made after the dismissal of the unlawful detainer action is an appealable order (*Coley* v. *Superior Court,* 89 Cal. App. 330 [264 Pac. 1110]), ▪ and ordinarily the existence of a remedy by appeal precludes the issuance of a writ of mandate. (16 Cal. Jur. 789.) But in any event "the issuance of the writ is not altogether a matter of right, but involves consideration of its effect in promoting justice. The granting or refusing of the writ lies, therefore, to a considerable extent, within the sound judicial discretion of the court where the application is made. Cases may therefore arise where the applicant for relief has an undoubted legal right, for which *mandamus* is the appropriate remedy, but where the court may, in the exercise of a wise discretion, still refuse the relief.'" (16 Cal. Jur. 768.)

▪ From the facts above stated, it appears that a controversy exists over the ownership of the property and the ultimate rights of the parties in the funds held by the receiver. The pending litigation in the trial court will determine these questions and the issuance of a writ of mandate as prayed might serve to defeat justice rather than promote it. Even if it be assumed that *mandamus* is an appropriate remedy, we deem this to be a proper case in which to refuse the issuance of the writ in the exercise of a sound discretion.

The petition for a peremptory writ of mandate is denied.

Nourse, P. J., and Sturtevant, J., concurred.