[Civ. No. 783. Fourth Appellate District.—June 6, 1933.]

COUNTY OF TULARE (a Body Corporate and Politic), Appellant, v. S. A. WOODY, County Auditor, etc., et al., Respondents.

Walter C. Haight, District Attorney (Tulare County), and Leroy McCormick, Assistant District Attorney, for Appellant.

Ray Bailey, District Attorney (Kern County), and W. A. McGinn, Deputy District Attorney, for Respondents.

JENNINGS, J.—Petitioner, County of Tulare, filed its petition for a writ of mandate in the Superior Court of Kings County. The petition alleges that during the year 1929 certain persons, firms and corporations whose names are contained in an exhibit attached to said petition and by reference made a part thereof had their actual domiciles and residences in the County of Tulare and were the owners and operators of 240 motor vehicles which during said year

were registered with the motor vehicle department of the state of California; that said owners in their respective applications for registration of said motor vehicles stated that their postoffice addresses were the city of Delano in Kern County; that during the said year the state controller of the state of California drew his warrants upon the motor vehicle fund in favor of Kern County and paid to Kern County that portion of the net receipts of said fund which he estimated was due to Kern County and in making such estimate allotted to Kern County the motor vehicles registered by the aforesaid owners who were actual residents of Tulare County in addition to other vehicles that were owned by residents of Kern County; that the amount paid by the state controller upon each motor vehicle was the sum of $1.837929647; that on July 30, 1930, petitioner filed a claim with Kern County for the sum of $441.10, which was the amount received by Kern County from the state of California by reason of the distribution of registration fees on the 240 motor vehicles owned by residents of Tulare County and that said claim was rejected by Kern County on August 4, 1930, and said rejection was not based upon lack of itemization or improper form of the demand; that on August 30, 1930, and on various other occasions petitioner demanded from respondent Woody, as County Auditor of Kern County, that he draw his warrant in favor of petitioner for said sum of $441.10, but that said respondent refused and still refuses to draw such warrant; that petitioner has not received from the state of California or from Kern County any distribution of the aforesaid sum of $441.10, or any part thereof or any allocation of motor vehicle registration fees based upon the aforesaid 240 motor vehicles; that petitioner has no plain, speedy and adequate remedy at law. The petition closes with the prayer that the court issue its alternative writ of mandate requiring the respondent Woody, as Auditor of Kern County, to draw his warrant in favor of petitioner in the sum of $441.10, in payment of the portion of the net receipts of the motor vehicle fund paid by the state controller to Kern County on account of the registration of motor vehicles registered by the aforesaid residents of Tulare County for the year 1929, and further requiring respondent Shields, as County Treasurer of Kern County to pay the said warrant when

drawn or that they show cause why they have not done so. To the petition thus framed respondents interposed a demurrer based on the ground that the pleading does not state facts sufficient to justify the court to issue a writ of mandate as demanded. The demurrer was sustained without leave to amend and the court ordered the action dismissed. From the order sustaining the demurrer and dismissing the action petitioner has appealed.

■ We entertain the opinion that the court's order sustaining the demurrer to the petition and dismissing the action should be affirmed. It is fundamental that the extraordinary remedy of mandate may not be granted if the petitioner therefor has a legal remedy "equally convenient, beneficial, and effectual" (*Dufton* v. *Daniels*, 190 Cal. 577 [213 Pac. 949]). Section 4078 of the Political Code provides as follows:

"4078. When claimant may sue. If the board refuse or neglect to allow or reject a claim or demand for ninety days after the same has been filed with the clerk, such refusal or neglect may, at the option of the claimant, be deemed equivalent to a final action and rejection on the ninetieth day, and a claimant dissatisfied with the rejection of his claim or demand, or with the amount allowed him on his account, may sue the county therefor at any time within six months after the final action of the board, but not afterward, and if, in such action, judgment is recovered for more than the board allowed, on presentation of a certified copy of the judgment, the board must allow and pay the same, together with the costs adjudged; but if no more is recovered than the board allowed, the board must pay the claimant no more than was originally allowed."

We think that the remedy afforded to petitioner by the aforesaid statute is manifestly equally convenient since the action could be tried in the same county where this proceeding was commenced and that it was equally beneficial and effective since the section specifically provides for payment of any judgment that may be obtained and costs of the action (*Burbank* v. *Hamilton*, 63 Cal. App. 745 [219 Pac. 1047]).

■ It may be conceded that the remedy afforded by the aforesaid section is not now equally beneficial and effective since the statute provides a definite period of limita-

tion of six months after rejection of the claim. Nevertheless, petitioner did have a legal remedy which was "equally convenient, beneficial, and effective" and if by reason of its neglect that remedy is no longer available the remedy here sought should not be granted (18 R. C. L., p. 132; 38 C. J., p. 562).

The petition herein shows on its face that petitioner filed its claim with Kern County for the amount demanded on July 30, 1930, and that on August 4, 1930, Kern County rejected the claim. At any time within a period of six months after such rejection petitioner had an entirely adequate legal remedy specifically provided by section 4078 of the Political Code. No excuse for its failure to have pursued this equally convenient, beneficial and effective remedy is presented by the petition.

The order from which this appeal is taken is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.