[Civ. No. 9191. First Appellate District, Division Two.—July 10, 1934.]

In the Matter of the Guardianship of the Person and Estate of CAESAR CARNIGLIA (an Incompetent Person).

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Appellant.

Randall O'Neill, Morettini & O'Neill and George A. Martinelli for Respondent.

SPENCE, J.—This is an appeal from an order overruling objections to the first account of the guardian and settling and allowing said account.

Caesar Carniglia was committed to the state hospital under the provisions of sections 2168 et seq. of the Political Code on March 23, 1928. On April 27, 1928, D. C. Carniglia was appointed the guardian of the person and estate of said Caesar Carniglia. Upon the filing of the guardian's first account, J. M. Toner, as director of institutions of the state of California, filed his objections thereto. A hearing was had and all objections were waived except an objection to an item of $2,572.95 expended as payment on account of a promissory note in the sum of $3,000 in favor of D. C. Carniglia. The evidence showed that said note was executed on June 15, 1927, and that it represented money loaned to said Caesar Carniglia. The only evidence offered by appellant in support of his allegation that said expenditure was not a proper charge was evidence relating to a prior commitment of said Caesar Carniglia to the state hospital. Over the objection of respondent, evidence was introduced to show that said Caesar Carniglia had been previously committed in 1910 and had thereafter been discharged in 1913. The assistant superintendent of the hospital was asked, "So far as your records show there was never any restoration to capacity given to this man?" He answered in the negative. No evidence was offered tending to show that said Caesar Carniglia was in fact insane or incompetent

at any time between the time of his discharge in 1913 and the time of the execution of the note in 1927. On the contrary the meager evidence shows that during said period he transacted business, engaged in litigation, acquired real property and borrowed other money. It may also be noted that there was no evidence to show that there had ever been any proceedings instituted for the appointment of a guardian prior to 1928.

The sole question on this appeal according to appellant is, "Did the probate court err in ordering the allowance of the item of $2,572.92 on account of a note for $3,000, which note was made at a time subsequent to the judicial determination of incompetency of the maker and prior to his restoration to capacity?" Respondent takes exception to said statement of the issue and frames the question as follows: "Is a person who has been committed to the state hospital under the provisions of section 2168 et seq. of the Political Code deemed to be *judicially determined an insane* person within the meaning of section 40 of the Civil Code, so as to render void all contracts made by him subsequent to said commitment but prior to the institution of guardianship proceedings?"

In our opinion respondent correctly states the question involved and it appears that this appeal may be decided upon the authority of *Fetterley* v. *Randall*, 92 Cal. App. 411 [268 Pac. 434]. (See, also, *People* v. *Gilberg*, 197 Cal. 306, 319 [240 Pac. 1000]; *People* v. *Willard*, 150 Cal. 543 [89 Pac. 124]; *People* v. *McConnell*, 80 Cal. App. 789 [252 Pac. 1068]; *Leggate* v. *Clark*, 111 Mass. 308; *Kirk* v. *McClendon*, 94 Okl. 33 [220 Pac. 949]; *Maas* v. *Phillips*, 10 Okl. 302 [61 Pac. 1057]; *Reeves* v. *State*, 186 Ala. 14 [65 So. 160]; 14 Cal. Jur. 346.) Under the authorities cited we conclude that insanity or incapacity is not "judicially determined" within the meaning of section 40 of the Civil Code by a commitment under section 2168 et seq. of the Political Code. Appellant cites and relies upon *Hellman Commercial Trust & Savings Bank* v. *Alden*, 206 Cal. 592 [275 Pac. 794], and *O'Brien* v. *United Bank etc. Co.*, 100 Cal. App. 325 [279 Pac. 1048], but in each of said cases incapacity had previously been "judicially determined" in proceedings for the appointment of a guardian.

It therefore follows that the trial court did not err in treating the note as valid and in allowing and settling the guardian's account.

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 6, 1934.