[L. A. No. 14677. In Bank.—October 3, 1934.]

NELLIE A. CONKLIN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Silverberg & Gilford for Petitioner.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondents.

CURTIS, J.—Petition for a writ of mandate directed to the Superior Court of the County of Los Angeles commanding said court to appoint a receiver to take charge of the community property belonging to petitioner and her husband in an action for divorce (No. D117014) brought by petitioner against her husband and for the division of said community property. In said divorce action, upon the filing of the complaint, the court made an order *ex parte* appointing a receiver to take charge of said community property. The court thereafter vacated said order, and at a still later date the plaintiff made a second application for the appointment of such a receiver for the same purposes for which such an officer had been originally appointed, and upon the same being presented to the respondent court, the judge thereof refused to entertain the same on the ground that said court had no jurisdiction to appoint a receiver in cases of that character. This proceeding was thereupon commenced in this court for the purpose of obtaining a writ of mandate directed to said trial court commanding said court to appoint a receiver as prayed for by petitioner in her said application. It does not appear that the defendant in said divorce action had ever appeared therein, nor was any notice of said application ever made upon defendant. It is alleged in the petition herein that an order for the publication of summons was made in said divorce action on the ground that the defendant "has departed from the state of California, conceals himself to avoid service of summons, and cannot after due diligence be found within this state", and that publication of service was completed prior to the date of the making of said

application for the appointment of a receiver. This court issued an alternative writ directed to the trial court commanding that court to appoint a receiver in said action as prayed for by petitioner, or to show cause before this court why it had not done so. The respondent court has appeared, and as a return to said writ has filed a general demurrer to said petition.

It is alleged in the petition herein that the respondent judge refused to make the order appointing a receiver on the ground that he had no jurisdiction to make such order. The general demurrer admits this as well as all other allegations of the petition. We have just held in the case of *Nichols* v. *Superior Court*, L. A. No. 14688 (*ante*, p. 589 [36 Pac. (2d) 380], this day filed, that the superior court has jurisdiction to appoint a receiver under a state of facts somewhat similar to those set forth in the petition herein. In view of our holding in that case, the present proceeding appears to present a clear case where the court having jurisdiction of a matter then before it refused to act upon said matter upon the mistaken belief that it was without authority so to do. In such a case, *mandamus* will lie to compel the court to act, but as the appointment of a receiver rests largely in the discretion of the trial court (*Lowe* v. *Copeland*, 125 Cal. App. 315 [13 Pac. (2d) 522]; *Dabney Oil Co.* v. *Providence Oil Co.*, 22 Cal. App. 233 [133 Pac. 1155]), it will not, of course, be compelled to act in a particular manner. (*Hilmer* v. *Superior Court*, 220 Cal. 71 [29 Pac. (2d) 175].) This principle is clearly enunciated in the case just cited, at page 73, as follows: ''The principal point of dispute herein is whether the respondent court in the exercise of its jurisdiction has acted upon and denied petitioner's motion for security or whether it has refused to exercise its jurisdiction in the premises. If the former be the fact, then, under the rule above stated, *mandamus* will not lie for a court may act as efficiently by denying as by granting a motion or request. On the other hand, should it be determined that the respondent court has refused to act, *mandamus* will, and should, issue to put it in motion, but not, of course, to compel it to act in a particular manner, inasmuch as the situation here presented is not one, within the exception, in which the court can exercise its discretion in but one way.''

It follows that it was the duty of the respondent court to entertain jurisdiction of said petition and in its discretion to either grant or deny the same, or make such order as to it appeared proper under the facts then before it.

Let a writ of mandate issue directed to the respondent court commanding it to assume jurisdiction of petitioner's application for a receiver in the case of *Conklin* v. *Conklin*, No. D117014, heretofore presented to said court, and to make such order disposing of said application and petition as to it may seem meet and proper.

Shenk, J., Langdon, J., Preston, J., Waste, C. J., and Seawell, J., concurred.

Rehearing denied.