[Civ. No. 10028. Second Appellate District, Division Two.—November 26, 1934.]

CHARLES HITCH, as Guardian ad Litem, etc., Petitioner, v. SUPERIOR COURT OF VENTURA COUNTY et al., Respondents.

Buel R. Wood for Petitioner.

James C. Hollingsworth for Respondents.

WILLIS, J., *pro tem.*—This is a proceeding in *mandamus* to compel the respondent superior court to set a divorce case for trial. In September, 1932, one Lucy Bays filed an action for divorce on the ground of extreme cruelty. Defendant therein answered joining issues on the complaint, and as part thereof added his cross-complaint seeking divorce on the same ground. No answer has been filed to the cross-complaint and no allegation is made that default has been entered for failure to answer the same. In November

of 1932, under sections 2168 to 2172, inclusive, of the Political Code, respondent court committed Lucy Bays to the state hospital as an insane person. Some three months later she was released from the hospital on parole in custody of her husband, with whom she resumed marital relations. No discharge as provided in section 2189 of the Political Code has ever been issued and filed. In May of 1934 Lucy Bays commenced another action against her husband for separate maintenance, numbered 17816, to which he answered and filed his cross-complaint for divorce, therein alleging reconciliation and condonation subsequent to the filing of the first action. Lucy Bays answered the cross-complaint, and in June, 1934, the case was tried in respondent court and an interlocutory decree was entered therein in August of that year in favor of defendant on his cross-complaint and denying plaintiff any relief. In the meantime, on July 26, 1934, on application of petitioner herein, as a brother of Lucy Bays, representing that she was an insane person by reason of the previous insanity proceedings of 1932, respondent judge made an *ex parte* order appointing petitioner as guardian *ad litem* of Lucy Bays in the first action, numbered 16482. After the entry of the interlocutory decree petitioner, as such guardian *ad litem*, filed and made a motion to set aside the judgment in the second case, 17816, which motion was denied. Thereafter petitioner made application to respondent court to have the first case, 16482, set for trial, which application was likewise denied. Petitioner by this proceeding seeks a peremptory writ of mandate to compel respondent court to set case numbered 16482 for trial, basing the right to thus bring it to trial on the provisions of section 594 of the Code of Civil Procedure.

By demurrer filed herein respondents raise the question of sufficiency of the petition to warrant any relief in this proceeding. By their answer is presented the contention that respondent court was under no duty to set the case in question for trial, because it appears that issues were not joined or completed on the cross-complaint.

When there is a clear legal right to be enforced as well as a clear legal duty to be performed by the court, and when there is no other remedy, the writ of *mandamus*

will lie. Conversely, if there is no duty on the part of the court to act in the premises the writ is not issuable. Section 594 of the Code of Civil Procedure provides in general terms that "either party may bring an issue to trial or to a hearing". Rule I of the rules regulating the business of the superior courts, promulgated by the Judicial Council in 1929 under constitutional authority, provides that for the purpose of setting a civil cause for trial there shall be filed by a party to the case a memorandum which shall state that the cause is at issue, and containing certain other information, which memorandum shall have been previously served upon the attorneys for the parties; that "no cause shall be set for trial unless the memorandum herein mentioned shall have been served and filed", unless set upon stipulation of the parties. ■ This rule is not inconsistent with the provisions of section 594 of the Code of Civil Procedure but is supplementary thereto, and affords an orderly process to bring the issues in a case on for trial. (See *Mutual Building & Loan Assn.* v. *Corum*, 220 Cal. 282 [30 Pac. (2d) 509].) ■ The petition herein contains no averments showing compliance with this rule, which is necessary to the creation of a legal duty to set a cause for trial, from which it follows that the petition does not state facts which entitle petitioner to relief and the demurrer should be sustained.

In addition to the somewhat technical reasons given above why respondent court was under no present duty to set the first divorce case for trial, there is manifest from the record herein a substantial basis for a denial of the writ under the impulse of a wise discretion which we are called upon to exercise. ■ The exercise of jurisdiction in *mandamus* proceedings is to a considerable extent in the sound discretion of the court. (*Wiedwald* v. *Dodson*, 95 Cal. 450 [30 Pac. 580]; *American Securities Co.* v. *Forward*, 220 Cal. 566 [24 Pac. (2d) 810, 32 Pac. (2d) 343].) ■ We do not deem it wise or in promotion of justice to compel respondent court to set for trial and try the first case filed by Lucy Bays, in view of the fact that she, in effect, abandoned that case after an apparent reconciliation with her husband and filed a new one on which she went to trial on the complaint and cross-complaint therein, in which

issues were joined, tried by the court and fully determined and decided.

It is of no material legal consequence that Lucy Bays was, in the interim between the filing of the two cases, committed to a state hospital under the code provisions above cited. It has been clearly decided that the order of commitment was not a judicial determination that she was insane, so as to make her incompetent to make contracts within the meaning of section 40 of the Civil Code. (*Fetterley* v. *Randall*, 92 Cal. 411 [268 Pac. 434]; *Matter of Guardianship of Carniglia*, 139 Cal. App. 629 [34 Pac. (2d) 752].) It is not stretching the rule announced in the cited cases to hold that such commitment likewise did not render 'Lucy Bays incompetent to commence and carry on litigation in courts. It does not appear that during the progress of the trial of the second case anyone claimed or even suggested therein that Lucy Bays was then insane. By filing and prosecuting the second suit, under the circumstances and the law as herein stated, Lucy Bays ought to be bound by the consequences thereof, in so far as her capacity or competency is concerned, subject, of course, to her right to move for relief therefrom by any or all the methods provided by law.

The alternative writ is dismissed and a peremptory writ denied.

Stephens, P. J., and Crail, J., concurred.