[Civ. No. 10918. Second Appellate District, Division Two.—April 30, 1936.]

KLYDE KRAFT, Petitioner, v. L. E. LAMPTON, County Clerk, etc., Respondent.

H. Landon Morris for Petitioner.

Everett W. Mattoon, County Counsel, Douglas De Coster, Chief Deputy County Counsel, David R. Faries and Don F. Tyler for Respondent.

WOOD, J.—Petitioner seeks by a writ of mandate to compel the county clerk of Los Angeles County to issue a writ of execution in an action in which he obtained judgment against Daniel W. Briggs. Following a jury's verdict judgment for $5,000 was entered on December 19, 1935, in favor of petitioner. Written notice of the entry of the judgment was served on Briggs on December 21, 1935. A motion for new trial came on for argument on January 22, 1936, and it

was stipulated that the matter be submitted on briefs. Judge Stanley Murray of Madera County was the trial judge. Upon his return to Madera County the briefs were forwarded to him.

Respondent county clerk received and filed on February 24, 1936, a letter from Judge Murray written in Madera and dated February 21, 1936, stating in part: "Referring to Motion for New Trial (Action No. 390171) in the case of *Klyde Kraft, plaintiff,* v. *Daniel W. Briggs, et al., defendants,* please be advised that said motion is hereby granted upon the grounds of the insufficiency of the evidence to sustain the verdict. Please make proper minute entry and notify respective parties in accordance herewith." On April 7, 1936, the presiding judge of the Superior Court of Los Angeles County ordered the issuance of a writ of execution. Thereupon and under date of April 7, 1936, Judge Murray filed an order in part as follows: "WHEREAS, the opening and closing briefs of the defendant in support of said motion and the brief of the plaintiff in opposition·thereto were duly considered and good cause appeared therefor, the undersigned did upon the 14th day of February, 1936, grant said motion of the defendant upon the grounds of the insufficiency of the evidence to sustain the verdict, and WHEREAS, the undersigned by letter addressed to the Clerk of the above entitled court and dated February 21, 1936 did inform said Clerk of the granting of said motion upon said grounds but did not state therein the day upon which said order granting said motion was made. NOW THEREFORE IT IS HEREBY ORDERED that the Clerk of the above entitled court cause to be entered in the minutes, files and records of the above entitled case the order of the undersigned granting said motion upon the grounds of the insufficiency of the evidence to sustain the verdict as of the 14th day of February, 1936, the date upon which said order was made." Thereupon the presiding judge made an order recalling the writ of execution which had theretofore been issued.

■   The time within which the court had jurisdiction to grant the motion for new trial expired on February 19, 1936. (Code Civ. Proc., sec. 660; *Payne* v. *Hunt,* 214 Cal. 605 [7 Pac. (2d) 302].) The orders made February 21, 1936, and April 7, 1936, were both void in so far as they purported to grant a new trial. ■   Respondent takes the position that the

order granting a new trial was actually made February 14th and that the order of April 7th serves as a *nunc pro tunc* order to correct the record to "conform to the actual facts". It is only necessary to read the two orders above mentioned to be convinced of the weakness of respondent's position. In *McKannay* v. *McKannay*, 68 Cal. App. 709 [230 Pac. 218], the court said: "The fact that the trial court declared, in the order appealed from, that the error sought to be corrected was a clerical misprision does not help matters for the simple reason that the situation upon its face shows that the error was nothing of the sort." In the case before us the judge made no claim that a clerical misprision was being corrected but merely recited after the word "whereas" that the motion had been granted on February 14th. After the next "whereas" the order refers to the letter of February 21st as giving information to the clerk but fails to refer to that part of the letter containing the language, "said motion is hereby granted . . . please make proper minute entry."

The methods by which a motion for new trial may be granted are clearly stated in *United Railroads* v. *Superior Court*, 197 Cal. 687 [242 Pac. 701]: "While petitioner's counsel have not said so in so many words, the conclusion is implicit in their argument that in order to render a lawful order of court granting or denying the motion for new trial under those circumstances it was necessary for the respondent judge to betake himself to the courtroom in which the hearing had been and there mount the bench and formally and audibly pronounce an order granting the motion for a new trial, and that by no other method could such an order be lawfully rendered. We do not subscribe to this view. We are of the opinion that, when all of the elements antecedent to such an order have been duly performed and when the issue after a hearing thereon duly had has been submitted to the court for its decision, the order of the court thereon may be rendered in either one of two ways: (1) By the pronouncement thereof in open court in the manner above suggested; or (2) by the filing with the clerk in the action of a written order of court signed by the judge." (See, also, *Barnett Rosenberg, Inc.,* v. *Superior Court,* 93 Cal. App. 276 [269 Pac. 730].) In the present case neither of these methods was followed. No pronouncement was made in open court and no written order was signed by the

judge within the statutory period. As stated in *Haynes* v. *Los Angeles Ry. Corp.*, 80 Cal. App. 776 [252 Pac. 1072] : ''It is equally well established that the court in the exercise of this power is not authorized to do more than to make its records conform to the actual facts, and cannot, under the form of an amendment of its records, correct a judicial error, or make of record an order or judgment that was never, in fact, given.'' In the case of *Shepherd* v. *Superior Court,* 54 Cal. App. 673 [202 Pac. 466], the power of the court to grant the motion expired at noon on Saturday, April 2d. In the afternoon of that day the judge telephoned to the clerk to enter an order granting the motion for new trial. The case was referred to in *United Railroads* v. *Superior Court, supra,* where it was pointed out that an order granting a new trial was never rendered and that the matter still remained ''in the breast of the court''.

An order *nunc pro tunc* cannot give force to a judgment or order void for want of jurisdiction. (*Jackson* v. *Dolan,* 58 Cal. App. 372 [208 Pac. 315].) The record before us discloses that no order was made granting a new trial within the time in which the court was empowered to act. Until and including February 19, 1936, the matter remained ''in the breast of the court.'' After that time the court was powerless to act in the premises.

Let a peremptory writ of mandate issue.

Crail, P. J., and Gould, J., *pro tem.,* concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 29, 1936.