[Civ. No. 11475.   Second Appellate District, Division Two.—September 3, 1937.]

STEPHEN J. COFFEY, Appellant, v. LOS ANGELES FIREMEN'S RELIEF ASSOCIATION, INCORPORATED, et al., Respondents.

John S. Cooper for Appellant.

Ivan Miller for Respondents.

McCOMB, J.—Plaintiff appeals on the judgment roll alone from a judgment in favor of defendants after trial before the court without a jury in an action requesting his reinstatement to membership in the defendant, Los Angeles Firemen's Relief Association, Incorporated, hereinafter referred to as defendant association.

The material facts are:

April 10, 1934, defendant association expelled plaintiff from membership for nonpayment of dues. Thereafter on April 10, 1935, the superior court on application of the plaintiff ordered said defendant to restore plaintiff to membership in its relief department, but denied his application for restoration to membership in the life and accident department thereof.

September 25, 1935, said defendant again expelled plaintiff from membership in its relief department on charges of unbecoming conduct. Subsequently plaintiff's application for reinstatement to membership in the relief department of defendant association was denied by the superior court and the present judgment was entered. The trial court made, among others, the following finding:

"That plaintiff did not, at any time thereafter, present to or file with the defendant association, or the officers, trustees or directors thereof, any application for reinstatement as provided by the By-Laws of said association."

■ This is the sole question presented for determination:
*To entitle plaintiff to the issuance of a writ of mandate restoring him to membership in defendant association, was it necessary for him to allege and prove that he had exhausted the lawful remedies prescribed by the constitution and by-laws of said association for reinstatement?*

This question must be answered in the affirmative. The law is settled that a state court will not issue a writ of mandate directing the restoration of a person to membership in a fraternal or benevolent society in the absence of a showing that the expelled member has first pursued and exhausted all of the remedies afforded by the by-laws and constitution of the said order or society for restoration to membership therein. (*Neto* v. *Conselho Amor, etc.,* 18 Cal. App. 234, 238 [122 Pac. 973]; *Lawson* v. *Hewell,* 118 Cal. 613, 621 [50 Pac. 763, 49 L. R. A. 400]; 19 Cal. Jur. 509, sec. 36 (1925).)

It is apparent that plaintiff has failed to comply with the foregoing rule, inasmuch as the trial court found that plaintiff had not presented or filed with the defendant association or the officers, trustees, or directors thereof any application for reinstatement as provided by the by-laws of said association. This finding is conclusive here and we must assume that it was supported by substantial evidence, since the appeal is on the judgment roll alone. (*Delanoy* v. *Delanoy,* 216 Cal. 23, 26

[13 Pac. (2d) 513].) Therefore the trial court properly entered judgment in favor of defendants.

The foregoing conclusion makes it unnecessary for us to discuss the other points raised by plaintiff in his brief.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.