[L. A. No. 18341.   In Bank.   Oct. 6, 1943.]

FRED J. KAHN et al., Petitioners, v. B. J. SMITH, as County Clerk, etc., Respondent.

Laurence B. Martin for Petitioners.

Joel E. Ogle, County Counsel, and Forgy, Reinhaus & Forgy for Respondent.

TRAYNOR, J.—On August 25, 1939, Fred J. Kahn and his wife, Alice J. Kahn, brought suit against the San Diego Orange Growers and Mr. Glann Feldner. On August 22, 1940, Mr. and Mrs. Kahn served notice on the defendants in that action that the judgment in their favor had been entered on the preceding day. They were in error, the judgment actually having been entered on the 22nd. Their error was the result of misinformation in a letter to them from the county

clerk. On August 30th, the defendants served and filed a notice of intention to move for a new trial. The motion was granted on October 22nd, more than sixty days from the date on which the notice of entry of judgment was served. Mr. and Mrs. Kahn filed a notice of appeal from the order granting the new trial, but immediately thereafter filed a withdrawal of appeal. Subsequently they sought a writ of execution from the county clerk, which was refused. They now petition for a writ of mandamus to compel the clerk to issue a writ of execution.

If the order granting a new trial was not valid, the clerk should have issued the writ of execution, and mandamus is the appropriate remedy to enforce the performance of that duty despite the availability of an appeal. (*Payne* v. *Hunt*, 214 Cal. 605 [7 P.2d 302]; *Kraft* v. *Lampton*, 13 Cal.App.2d 596 [57 P.2d 171]; *Holquin* v. *Allison*, 97 Cal.App. 126 [274 P. 1037]; see 16 Cal.Jur. 837.)

While mandamus does not lie if there is another adequate remedy, an appeal is not regarded as adequate in this type of case. (*Payne* v. *Hunt, supra; Kraft* v. *Lampton, supra; Holquin* v. *Allison, supra; Christ* v. *Superior Court*, 211 Cal. 593 [296 P. 612]; *Middlecoff* v. *Superior Court*, 220 Cal. 410 [31 P.2d 200]; *Evans* v. *Superior Court*, 14 Cal.2d 563 [96 P.2d 107]; *Harrison* v. *Superior Court*, 3 Cal.App.2d 469 [39 P.2d 825].) Mandamus is available as an alternative remedy in cases where an appeal would be inadequate, and the failure to appeal cannot therefore render the trial court's determination res judicata. (*Payne* v. *Hunt, supra; Middlecoff* v. *Superior Court, supra; Conklin* v. *Superior Court*, 1 Cal.2d 601 [36 P.2d 386]; *Kraft* v. *Lampton, supra; Holquin* v. *Allison, supra; Moch* v. *Superior Court*, 39 Cal.App. 471 [179 P. 440]; *Harrison* v. *Superior Court, supra*.) The contention that the service of the notice did not start the sixty-day period running because the notice of entry of judgment misstated the date on which judgment was entered must be rejected for the reasons given in *McCordic* v. *Crawford, ante*, p. 1 [142 P.2d 7].

Respondent contends that there has been no showing that the notice of entry of judgment was not served prematurely. The record shows only that service took place on the day on which judgment was entered and does not disclose the hour at which either event took place. It is ordinarily impossible, however, to prove the hour at which an act such as entry of judgment occurred, for records are not kept in

such minute detail. (*Cosgriff* v. *Election Commissioners,* 151 Cal. 407, 409 [91 P. 98].) Fractions of days are disregarded if they do not affect the substantial rights of a party. (*Cosgriff* v. *Election Commissioners, supra; Bellmer* v. *Blessington,* 136 Cal. 3 [68 P. 111]; *Scoville* v. *Anderson,* 131 Cal. 590 [63 P. 1013]; *Gray* v. *Maier & Zobelein Brewery,* 2 Cal.App. 653, 658 [84 P. 280].) In this case they do not, for the time limit for making a motion for new trial and the time limit for the court to pass on such motion starts from the day and not the hour of service.

▮ Respondent invokes section 1013 of the Code of Civil Procedure allowing an additional day after service by mail ". . . if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party. . . ." This section is inapplicable here, for the court is not an adverse party.

▮ Petitioner's request for attorney's fees in this action must be denied, under the rule that attorney's fees are not ordinarily awarded to the successful party without express statutory authorization. (*Los Angeles Trust & Savings Bank* v. *Ward,* 197 Cal. 103 [239 P. 847]; see Code Civ. Proc., sec. 1021; 7 Cal.Jur. 286.)

Let the peremptory writ of mandamus issue as prayed.

Gibson, C. J., Carter, J., and Peters, J. pro tem., concurred.

EDMONDS, J., Dissenting.—To me, the conclusion reached by my associates is directly contrary to the fundamental rule that where the trial court has affirmatively acted upon a motion for a new trial, the limitations upon the exercise of such jurisdiction will be construed, wherever possible, so as to sustain the action as a proper exercise of its jurisdiction. (*Spier* v. *Lang,* 4 Cal.2d 711, 714, 715 [53 P.2d 138]; *Pappadatos* v. *Superior Court,* 209 Cal. 334 [287 P. 342]; *Holland* v. *Superior Court,* 121 Cal.App. 523, 531 [9 P.2d 531].) Certainly the settlement of disputed issues in the trial court is to be favored, and an order determining that justice requires another hearing of them should not be set aside unless it may be said that there has been an abuse of discretion or the successful litigant, by a strict compliance with the statute, has limited the authority to act.

The sixty-day jurisdictional period provided by section 660

of the Code of Civil Procedure, within which the trial court has the power to pass upon a motion for new trial, is set in operation either by the service of written notice of the entry of judgment, or, if such notice has not theretofore been served, by the filing of the notice of intention to move for a new trial. In my opinion, for the reasons stated by me in *McCordic* v. *Crawford, ante,* p. 1 [142 P.2d 7], when the trial court has granted a motion for a new trial within sixty days from the filing of the notice of intention so to do, the reviewing court should require that a notice of entry of judgment, effective to start the earlier running of the jurisdictional period, be completely accurate on its face.

In addition, the conclusion reached in the majority opinion is contrary to accepted principles governing collateral attack upon appealable orders. Implicit in the order granting the new trial is the trial court's determination that the notice of entry of judgment was ineffective to limit its jurisdiction to pass upon the motion. Even though, under the views of the majority of this court, that decision was erroneous, it became final when the petitioner failed to appeal from it and is now res judicata. (See *Gore* v. *Bingaman,* 20 Cal.2d 118, 121 [124 P.2d 17]; *Clary* v. *Hoagland,* 6 Cal. 685, 688.) The determination, although erroneous, is not subject to collateral attack.

But, in any event, the petitioners are not entitled to the remedy they now seek to invoke. As a general rule, the writ of mandate issues only "where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." (Code Civ. Proc., sec. 1086; *Irvine* v. *Gibson,* 19 Cal.2d 14 [118 P.2d 812]; *Dobyns* v. *Cheshire,* 9 Cal.App.2d 77 [48 P.2d 743]; *Hitch* v. *Superior Court,* 2 Cal.App.2d 406 [38 P.2d 190].) The existence of a remedy by appeal generally precludes resort to mandamus. (*Andrews* v. *Police Court,* 21 Cal.2d 479 [133 P.2d 398]; *Petaluma etc. Dist.* v. *Superior Court,* 194 Cal. 183 [228 P. 24]; *Hanlon* v. *Superior Court,* 124 Cal.App. 485 [12 P.2d 963].) Moreover, ordinarily the writ of mandamus is not the proper remedy to invoke against an order made in excess of jurisdiction. (*Nider* v. *City Commission,* 36 Cal.App.2d 14, 25 [97 P.2d 293]; *Levy* v. *Superior Court,* 66 Cal. 292 [5 P. 353]; *Elliott* v. *Paterson,* 65 Cal. 109 [3 P. 493]; *Robbins* v. *Mulcrevy,* 101 Cal.App. 300 [281 P. 668].)

Even though a judgment be void on its face for want of jurisdiction, mandamus will not lie to compel its vacation where the petitioner could have appealed from the order denying his motion to vacate the judgment. (*Andrews* v. *Police Court, supra.*) And, said the court, the loss by neglect of a legal remedy equally convenient, beneficial and effective does not require the granting of a writ of mandate in the absence of a sufficient showing of excuse for the failure to pursue it. An annotation in 145 A.L.R. 1042, 1044-1059 to this most recent pronouncement of the court states: ''It is one of the fundamental principles underlying the entire law of mandamus that the existence of another specific, legal remedy, fully adequate to afford redress to the party aggrieved, presents, in the absence of statutory provisions to the contrary, a complete bar to relief by extraordinary writ of mandamus.'' And the California decision is cited as the latest judicial approval of ''the rule universally recognized . . . that a writ of mandamus will be denied where a party has lost his ordinary remedy through his own neglect.'' (Other California decisions cited as applying this doctrine include *Bush* v. *International Alliance, T. S. E.*, 55 Cal.App. 2d 357 [130 P.2d 788]; *Coffey* v. *Los Angeles Firemen's Relief Assn.*, 22 Cal.App.2d 510 [71 P.2d 328]; *Tulare County* v. *Woody*, 132 Cal.App. 459 [22 P.2d 743]; *Howland* v. *Superior Court*, 127 Cal.App. 695 [16 P.2d 318]; *C. Scheerer & Co.* v. *Hutton*, 7 Cal.App. 524 [94 P. 849].)

These principles bar relief in the present proceeding. The petitioners perfected a timely appeal from the ruling of the court granting a new trial. This is the statutory method for one aggrieved by such a determination to attack it. (See *Lauritzen* v. *H. L. Judell & Co.*, 109 Cal.App. 168 [292 P. 536].) But after the appeal had been pending for seven months, the petitioners abandoned it and then waited nine months before commencing the present proceeding. Since the loss by neglect of a legal remedy equally convenient, beneficial and effective does not permit the granting of a writ of mandate in the absence of a sufficient showing of excuse for the failure to pursue it, *a fortiori*, one who voluntarily abandons an appeal should be denied relief by a prerogative writ.

The compelling effect of this conclusion is not altered by

the fact that the ostensible relief sought by the petitioner is the issuance of a writ of execution. For the clerk may be compelled to issue the writ only upon a determination that the order granting the new trial is void, and the petitioner has voluntarily abandoned the right to a decision upon that question by appeal.

The entire basis of the majority opinion's discussion of the availability of mandamus rests upon an assumption absolutely unsupported in fact or in reason. Thus it states, "While mandamus does not lie if there is another adequate remedy, an appeal is not always regarded as adequate."[1] The opinion then concludes, "Mandamus is available as an alternative remedy in cases where an appeal would be inadequate, and the failure to appeal cannot therefore render the trial court's determination res judicata." There is nothing in the majority opinion, nor are there any facts to support a conclusion that the petitioners could not adequately have obtained the same relief sought in the present proceeding by continuing their appeal from the order granting a new trial. Certainly there may be no assumption that the clerk would refuse to issue execution upon the judgment after a reversal of the order granting the new trial. And, of course, the conclusion that, since mandamus is available as an alternative remedy where an appeal would be inadequate, the failure to appeal cannot render the trial court's determination res judicata, falls with the unsupported premise that the right of appeal is here inadequate.

Under the established rule of stare decisis announced by this court to the effect that a case is not authority for a proposition not raised and considered (*Gonzales* v. *Superior Court*, 3 Cal.2d 260, 263, 264 [44 P.2d 320]; *Standard Oil Co.* v. *Board of Equalization*, 6 Cal.2d 557, 564 [59 P.2d 119]; *Oakland Pav. Co.* v. *Whittell Realty Co.*, 185 Cal. 113, 119, 120 [195 P. 1058]), the cases of *Payne* v. *Hunt*, 214 Cal. 605 [7 P.2d 302], and *Kraft* v. *Lampton*, 13 Cal.App.2d 596 [57 P.2d 171], may not be relied upon for the statement upon which they are cited by the majority opinion. These cases assumed, but did not consider the question or decide, that

---

[1]This statement in the majority opinion was modified, on denial of the petition for rehearing, to read: "While mandamus does not lie if there is another adequate remedy, an appeal is not regarded as adequate in this type of case."

mandamus was a proper remedy under the facts then before the court.

Shenk, J., and Curtis, J., concurred.

Respondent's petition for a rehearing was denied November 4, 1943. Shenk, J., Curtis, J., and Edmonds, J., voted for a rehearing.