[S. F. No. 16643.  In Bank.  Apr. 2, 1942.]

MAY G. BURNS, as Executrix, etc., Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Jewell Alexander, James M. Thomas and Redman, Alexander & Bacon for Petitioner.

Thomas E. Davis for Respondents.

SHENK, J.—This is a proceeding in mandamus to compel the respondent superior court to set aside an order thereto-

fore made by it "revoking" letters of guardianship of the person and estate of Mary O'Connor, duly issued to her brother Joseph P. Donahue.

Joseph P. Donahue was appointed guardian of the person and estate of Mary O'Connor, an incompetent, on May 21, 1930. He filed a bond in the sum of $17,000, executed by the Massachusetts Bonding & Insurance Company as surety. The estate was valued at $60,567.98. He filed four annual accounts and a final account. During the guardianship proceedings he converted to his own use property belonging to the incompetent. (*Guardianship of O'Connor*, 28 Cal. App. (2d) 527 [83 P. (2d) 65].) On June 29, 1935, he filed a petition praying that Mary O'Connor be restored to competency. The court granted the petition and on July 16, 1935, ordered that "said Mary O'Connor be, and she is hereby, restored to capacity, and that the guardianship of said Mary O'Connor cease." The court also included in the order the following: "that the order heretofore made appointing Joseph P. Donahue guardian of the person and estate of said Mary O'Connor be, and is hereby set aside; that the letters of guardianship issued to said Joseph P. Donahue be and they are hereby revoked, and that said Joseph P. Donahue surrender to the said Mary O'Connor all the estate of said Mary O'Connor, and file herein an account of said estate."

On September 11, 1935, Mary O'Connor filed exceptions to the five accounts claiming that property of the value of $24,185.17 had been misappropriated. A hearing on the accounts was conducted by a referee appointed by the court. The court confirmed the referee's report in part and decreed that Mary O'Connor was entitled to the additional sum of $15,152.70. The court denied her claim for interest. She appealed from that part of the order which denied interest on the additional sum found to be due to her. On appeal it was held she was entitled to interest compounded, and the portion of the order refusing to allow interest was reversed. (*Guardianship of O'Connor, supra.*)

The order settling the guardian's final accounts was made on July 1, 1937. That order contained the following provision: "It is also further ordered, adjudged and decreed that . . . upon the filing of vouchers, release or satisfaction therefor, the said guardian be discharged from further liability on his bond given in this proceeding." The guardian appealed from the whole of said order. The order was affirmed on Jan-

uary 31, 1940. (*Guardianship of O'Connor,* 37 Cal. App. (2d) 63 [98 P. (2d) 769].)

Mary O'Connor died on October 13, 1938. The petitioner is the executrix of her will. On May 3, 1940, the executrix commenced an action in the same court against the Massachusetts Bonding and Insurance Company to recover the principal of the guardian's bond in the sum of $17,000 and interest. That action came on for trial on October 29, 1940. On January 30, 1941, the trial judge announced an opinion that the cause of action of the plaintiff, petitioner herein, was barred by the terms of section 1487 of the Probate Code. On February 27, 1941, the petitioner moved the respondent court in another department and before another judge to set aside that portion of the order of July 16, 1935, which purported to terminate as of that date the entire guardianship proceeding and thus purport to effect a discharge of the guardian as contemplated by section 1487 of the Probate Code, on the ground that the same was in excess of the jurisdiction of the court and void. Counsel for the petitioner notified the trial judge of the pendency of said motion with the request that he defer the making of findings of fact and conclusions of law and the entry of judgment until after the other judge had passed upon the motion. The request was granted. The other judge denied the motion on June 23, 1941. On July 25, 1941, the present proceeding was commenced.

The return to the alternative writ, filed December 2, 1941, discloses that findings of fact and conclusions of law have not been made and filed in the action on the bond, and there is no showing that findings have been waived or judgment entered. Section 1487 of the Probate Code provides: "No action may be maintained against the sureties on a bond given by a guardian unless commenced within three years from the discharge or removal of the guardian . . ."

It is the petitioner's contention that although the order of July 16, 1935, was effective to restore Mary O'Connor to capacity it did not and could not finally discharge the guardian for the reason that the accounts of the guardian had not then been settled; that insofar as said order purported to, discharge or remove the guardian as of that date, as contemplated by section 1487, the order to that extent was in excess of the jurisdiction of the court; that the order of July 1st, 1937, which settled the guardian's accounts very properly provided in effect that the guardian should not be discharged

until he has filed his "vouchers, release or satisfaction," and that there is no showing that he has ever complied with that part of the order; that the portion of the order of July 16, 1935, which purported to terminate the guardianship proceeding *ab initio* is void on its face and should be stricken from the order; that the order of the respondent court refusing to strike it is not an appealable order, and that she has no plain, speedy and adequate remedy in the ordinary course of law.

It is the position of the respondents that it is the purpose of the petitioner in this proceeding to have this court construe the portion of the order of July 16, 1935, to which she objects contrary to the construction placed thereon, at least tentatively, by the trial court in the pending action on the bond; that the same question sought to be adjudicated in this proceeding is involved in the action on the bond and that the petitioner's remedy under the authorities is by appeal from any judgment in that case concerning which the petitioner may feel aggrieved.

A case involving a similar situation was recently decided by this Court. (*Maloney* v. *Massachusetts Bonding & Insurance Co.* (S. F. No. 16657), *ante,* p. 1 [123 P. (2d) 449].) It was there held in effect that a guardian should not be deemed "discharged" or "removed" as contemplated by section 1487 of the Probate Code except by a plain and unequivocal order of the court for that purpose; that later proceedings to settle the guardian's accounts made it clear that orders theretofore made did not in terms effect a discharge or removal of the guardian, and that such orders should be strictly construed to the end that the remedy of the ward for breach of conditions of the guardian's bond be not defeated by lapse of time where final approval of the guardian's accounts within the statutory period showed the default of the guardian and disclosed for the first time that a right of action on the bond had accrued pursuant to section 1486 of the Probate Code.

The contention of the respondents that the remedy of the petitioner is by way of an appeal in the pending action and that she is not, on the facts disclosed, entitled to relief in mandamus must be sustained. The obvious purpose of this proceeding is to obtain a ruling by this court that the order of July 16, 1935, should be so construed as not to be effective as a bar to the cause of action in the suit on the bond, and to compel the elimination therefrom of that portion of the order to which the petitioner objects. The construction of that

order and the effectiveness of the objectionable portion thereof are directly involved in that action. A ruling thereon at this time would be a ruling on the precise issue involved in the pending action and, if permitted would, as the petitioner unquestionably desires, necessarily influence any subsequent action of the trial court in said action.

The proceeding in mandamus may not properly be employed to review error. (*Dankert* v. *Oroville-Wyandotte Irr. Dist.*, 211 Cal. 87 [293 Pac. 785] ; *Grivi* v. *Superior Court*, 3 Cal. (2d) 463 [45 P. (2d) 181].) Here the trial court has not finally acted in the suit on the bond. Error in that case will not now be anticipated and even if findings of fact, conclusions of law and judgment be made and entered in accordance with the forebodings of the petitioner her appropriate remedy will be by an appeal from that judgment. (*Petaluma etc. Water Dist.* v. *Superior Court*, 194 Cal. 183 [228 Pac. 24].)

The peremptory writ is denied.

Gibson, C. J., Curtis, J., Houser, J., Carter, J., and Traynor, J., concurred. Edmonds, J., concurred in the judgment.